## SUPERIOR COURT.

### FORSYTH agt. JOHN and JAMES EDMINSTON.

A complaint, whose allegations contain the substance of several distinct causes of action, must be so constructed that the causes of action will be separately stated, and plainly numbered. In an action on the case, in nature of a conspiracy, the *damage* is the ground of the action, and not the *conspiracy*. One may be sued alone. If several be sued jointly, there may be a verdict and judgment against one, although there be a verdict in favor of the others.

If a complaint, in such a case, state facts, which constitute several causes of ac-

Forsyth agt. John and James Edminston.

tion, on either of which the plaintiff can recover, though he should fail as to all the others, the court will order it amended, so as to state the causes of action separately.

A defendant should not be embarrassed, by being obliged to so draw a distinct and separate part of an answer, as to present a full defence to several causes of action. He has a right, and proper pleading requires him, to so frame his answer, that each defence shall be separately stated, and so refer to the cause of action it is intended to answer, that it may be intelligibly distinguished. (*Code,* § 150, *sub.* 2.)

*At Chambers, Oct.* 6, 1855.

THE defendants move for an order, requiring the plaintiff to so amend his complaint as to make it more definite and certain, and so as to state separately the causes of action contained in it, and to plainly number them, and for other relief.

The plaintiff insists that it contains but a single cause of action, and that it is an action on the case, in the nature of conspiracy.

The complaint states, that on and prior to the 9th of August, 1855, the plaintiff was, and since has been, a merchant in New-York city, in good credit and solvent; that a dispute existed between the parties in respect to transactions between them, and the liability of the plaintiff on a note made by him and held by the defendants; that defendants sued him in the supreme court, and by a verified answer he denied the allegations of the complaint, and filed an affidavit of merits; that while plaintiff was absent from the city, defendants, without noticing the cause for trial, "and contriving and intending to injure the plaintiff, destroy his credit, and break up his business, on said 9th of August, 1855, fraudulently, maliciously, and without law or right," and without the knowledge of plaintiff or his attorney, and knowing their proceedings to be irregular, caused a judgment to be entered against him for $2,175.98, and docketed the judgment in, and issued executions to the counties of New-York and Kings, and levied on his property in both counties, and deprived plaintiff of the use of his property, until the judgment and executions were set aside, and subjected him to expenses in procuring them to be set aside..

Plaintiff further says, that the defendants in the further pros-

ecution of their malicious intent to injure him and destroy his credit, immediately on the books of the commercial agency, " maliciously caused to be written and published, and recorded of and concerning the plaintiff and his business and credit, a false and malicious and libelous record and publication, to the effect, that the plaintiff's credit was so impaired that he was not fit to be trusted, that he had failed to pay his debts, that a judgment had been obtained against him to the amount of $5,000, which could not be collected by reason of his insolvency ; and with like malicious intent, caused copies of said libelous record to be circulated among sundry of the merchants of said city ; and did falsely and maliciously represent, publish, and declare of and concerning the plaintiff and said record, and said judgment, that his credit was gone, that he had failed to pay his debts, and that they had a judgment against him which he was unable to discharge, and had not property sufficient to satisfy; all which publication, record, representations, and declarations of the defendants were made by them in combination with each other, and acting in concert in respect thereto, and were false and malicious, and made with intent, by impairing the plaintiff's business and credit, to obtain for the house of which they were partners his business and profits, and intended greatly to injure, and did greatly injure the plaintiff in his character," &c.   It prays judgment for $10,000 damages.

> Asa Child, *for plaintiff.*
> John Townshend, *for defendants.*

Bosworth, Justice.   The rules applicable to a *writ of conspiracy,* properly so called, are not applicable to actions on the case, in nature of a conspiracy.   The latter are actions of *tort,* and are controlled by the general principles which regulate all actions of tort brought to recover damages.   The *damage* sustained by the plaintiff is the ground of the action, and not the conspiracy.   It may be brought against one person alone.   If brought against several, all but one may be acquitted, and the plaintiff may have a verdict against one only.

Forsyth agt. John and James Edminston.

When several conspire, and agree upon measures to be pursued to injure another, and such measures are taken in pursuance of, and in execution of such preconcerted arrangements, and damage results, all may be sued, and what one did in execution of the scheme may be alleged to be the act of all, and all will be charged with the consequences.

But where all directly participate in wrongful acts which produce damage, if they are acts which in judgment of law may be committed by several jointly, a recovery may be had in one action against all, though no conspiracy be proved. And even when it is alleged that all the defendants conspired, if it appear that there was no conspiracy, and that what was done was the act of one only, a verdict may be had against him, and in favor of the others.

Proof, in this case, of the facts alleged, in relation to entering judgment against the plaintiff, and issuing executions against his property, and levying upon it; with the intent stated, and knowing the proceedings to be irregular, would entitle the plaintiff to recover, although he might fail to prove the other allegations of the complaint.

So, proof of entering upon the books of the commercial agency, the statements charged to have been there entered, and printing and circulating copies, would establish a cause of action.

So, proof of the verbal representations, said to have been falsely and maliciously made, of the plaintiff as a merchant, and of his standing and credit, with the consequences charged to have resulted, will establish a cause of action. Whether one would lie against the defendants jointly for this cause alone, without alleging and proving a conspiracy, in pursuance of which the representations were made, it is now unnecessary to decide.

It is obvious, that the complaint states the substance of three several causes of action.

They should be separately stated, (*Code*, § 167,) and plainly numbered. (*Rule* 86.)

Stating the causes of action separately is indispensable to

appropriate and safe pleading on the part of the defendants. To one cause of action there may be no defence, and yet there may be a good one to each of the others. But those defences may be entirely different in their character. The complaint should be so framed that the appropriate answer to either cause of action may be separately stated in the answer.

The rules applicable to an action on the case, in nature of a conspiracy, are clearly and fully stated in 1 *Sand. R.* 230, *note* 4; and in *Tappan et al.* agt. *Powers, Davis, and Lawrence,* (2 *Hall,* 277–296.) *See Jones* agt. *Baker,* (7 *Cow.* 445.)

The motion must be granted, with $10 costs to defendants, to abide the event of the action.