### PROVOST *v.* MAYOR, ETC., OF THE CITY OF NEW YORK.

*(Common Pleas of New York City and County, General Term.*  December 8, 1888.)

1. MUNICIPAL CORPORATIONS—LIABILITY FOR ICY SIDEWALKS—EVIDENCE.
    A verdict for plaintiff for injuries received from an icy sidewalk will not be disturbed on appeal, where there is evidence that there had been for a long time a thick coating of ice where plaintiff fell, and that other sidewalks in the vicinity had been cleared.[1]

2. NEW TRIAL—IMPROPER EVIDENCE—EXCLUSION AFTER OBJECTION.
    The reception of evidence as to injuries other than those pleaded is not cause for new trial, where no such evidence was received after objection made.

3. TRIAL—MOTION TO STRIKE OUT EVIDENCE—DISCRETION OF COURT.
    A motion to strike out evidence received without objection is in the discretion of the court.

---

[1]As to the liability of municipal corporations for injuries caused by icy and slippery sidewalks, and as to what is constructive notice of defects in streets, see Adams v. Town of Chicopee, (Mass.) 18 N. E. Rep. 231, and note; Foxworthy v. City of Hastings, (Neb.) 41 N. W. Rep. 132, and note; Tobey v. City of Hudson, 2 N. Y. Supp. 180, and note; Masters v. City of Troy, ante, 450, and cases cited; Klein v. City of Dallas, (Tex.) 8 S. W. Rep. 90, and note.

4. WITNESS—EXAMINATION—CONTRADICTORY STATEMENTS OUT OF COURT.

Evidence of contradictory statements made by a witness out of court is not admissible, where his attention has not been specially directed to them in his examination.[1]

Appeal from trial term.

Action by Susan Provost against the city of New York for personal injuries received from a fall on a sidewalk. Defendant appeals.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*H. R. Beekman,* for appellant. *Nelson Cross,* for respondent.

LARREMORE, C. J. The charge of the learned judge who tried this case is omitted from the case on appeal. We must therefore presume that the issues were fully and fairly presented to the jury upon the evidence. The principal contention upon this appeal is that the plaintiff did not establish a cause of action, and that the complaint should have been dismissed. But we think the trial judge correctly administered the law, as it exists at present in this state, on the subject of accidents to pedestrians occasioned by slippery sidewalks. There is evidence from which the jury could infer that there had been a thick coating of ice for a long time where the plaintiff fell; that such coating existed in that particular place, and that other sidewalks in the neighborhood had been cleared; that said ice-coating was therefore not an incident common to all the sidewalks in the city; and, furthermore, that the ice in question was cleared off, and the condition of the sidewalk under it greatly improved, immediately after the accident. We do not say that the evidence necessarily establishes these points, and that no other conclusions could be drawn from it; for there is great contradiction and dispute as to all of them. But, if the jury believed plaintiff's witnesses, they were authorized to find the facts as above stated, and the case, therefore, falls within the ruling in *Todd* v. *City of Troy,* 61 N. Y. 506, and must be distinguished from *Kinney* v. *City of Troy,* 108 N. Y. 567, 15 N. E. Rep. 728, and *Kaveny* v. *City of Troy,* 108 N. Y. 571, 15 N. E. Rep. 726. In *Kinney* v. *City of Troy, supra,* the earlier case of *Todd* v. *City of Troy, supra,* is referred to and distinguished, and its authority restated. In such earlier case the proposition is expressly laid down that it is the duty of municipal authorities to see that the sidewalks of a city are kept reasonably clear of ice and snow, and that when they permit an accumulation thereof to remain an unreasonable length of time, to the danger of travelers, the corporation is chargeable with negligence without proof of actual notice.

We do not think that any error necessitating a reversal occurred upon the trial. Counsel for appellant claims that the court erred in allowing evidence to be introduced of injuries other than those to plaintiff's arm, because only such injuries were set up in the complaint. But it does not appear that any evidence of other injuries was admitted after defendants' counsel objected to the same. It is true that the plaintiff had testified that the fall hurt her hip and made her lame. This testimony was given without objection. Subsequently counsel for defendants moved to strike it out. A motion of this kind is always in the discretion of the court, and the refusal to grant it is not error. The court did intimate an intention to receive all the evidence of all the injuries which plaintiff suffered, but, as no testimony was actually received subsequently which related to anything but the injuries to the arm, the exception on this point would have no practical force, even if it were theoretically well taken.

It is difficult to perceive upon what counsel for appellant bases his claim that the court erred in refusing to admit testimony of contradictory state-

[1] See, to the same effect, State v. Hunsaker, (Or.) 19 Pac. Rep. 605; State v. Parker, (Mo.) 9 S. W. Rep. 728; State v. Cleary, (Kan.) 19 Pac. Rep. 776, and note. See, also, Durfee v. Knowles, 2 N. Y. Supp. 466, and note; Tripp v. Kirmes, Id. 19; Kennedy v. State, (Ala.) 5 South. Rep. ——, and note; United States v. Fuller, (N. M.) 20 Pac. Rep. 175, and note.

ments that the witness Walker had made previous to the trial. The question was asked this witness, on his direct examination, whether he did not say, in the presence of the witnesses Moore, Lake, and Ryan: "The woman I was boarding with is going to bring a suit against the city, but she is a skin, and has got no case, and there was no ice where she fell, and I boarded in the house, and know." He denied having ever uttered these words, and quite properly the three other witnesses referred to, when they were examined on behalf of defendant, were allowed to contradict him on this point; and, as it appears, this testimony of thoirs was taken without objection. Defendant had the undoubted right to prove such contradiction, for the sake of discrediting plaintiff's witness with the jury, and must have received the full benefit of the same. The proper foundation for this particular contradiction had been laid by calling Walker's attention to the alleged conversation in his cross-examination, and stating circumstantially the place where it occurred, and the persons with whom it was had. But the court correctly held that the defendant could not introduce evidence of inconsistent and contradictory declarations, made by the witness out of court, to which his attention had not been specially directed when he was on the stand.

There are no other exceptions in the case which, in our judgment, call for discussion or require notice, and the judgment appealed from should be affirmed, with costs. All concur.