DEWITT C. LAPHAM, RESPONDENT, *v.* WILLIAM J. MARSHALL, HENRY H. HICKOX AND MARTHA A. MARSHALL, APPELLANTS.

*Power of the legislature to repeal and alter rules of evidence — an answer made in supplementary proceedings under an existing statute, providing that it could not be used against the person making it in civil or criminal proceedings, is not made admissible by the striking out of the word "civil" by a subsequent statute.*

Upon an appeal from a judgment declaring that a deed of certain lands executed by the defendant William J. Marshall to the defendant Henry H. Hickox, and a deed made by the latter to the defendant Martha A. Marshall, were fraudulent and void as against a judgment held and owned by the plaintiff against the defendant William

J. Marshall, it appeared, that upon the trial the question of fraud, which was the only question in serious dispute, was decided against the defendants, and that the jury found that Mrs. Marshall actually paid to her husband $500 as the consideration for the deed, and nothing more.

Before this action was commenced the plaintiff, in supplementary proceedings instituted against the judgment-debtor, had called and examined as a witness in his behalf the defendant, Martha, whose evidence was reduced to writing and signed by her. On the trial of the special issues in this action the plaintiff offered in evidence, as against the defendant Martha, and against her objection and exception, portions of such deposition, showing the amount of the consideration which she had paid to her husband.

*Held,* that the evidence was incompetent, and was a privileged communication by virtue of the provisions contained in section 2460 of the Code of Civil Procedure, as it existed at the time of the examination, providing that a witness was not excused from answering a question on the ground that his examination would tend to convict him of a fraud, but that an answer " cannot be used as evidence against the person so answering in a civil or criminal action, or in any other special proceedings, *civil or criminal.*"

The plaintiff's counsel contended that the amendment of 1881, which struck out from the last paragraph of that section the word " civil," limited the protection given to her answer to criminal proceedings and made her deposition competent evidence in any civil action prosecuted against her; that the statutory provision in question was a mere rule of evidence declared by the legislature, which could be repealed or modified at any time, and that, when so repealed, evidence which had been previously given could be used the same as if the immunity, so far as it was taken away, had never been given.

*Held,* that this contention could not be sustained; that while it is undoubtedly true that the legislature may change or alter a mere rule of evidence and establish a new way or manner of proving or disproving a question of fact in controversy, the question under consideration involved something more than a rule of evidence, and the immunity which the statute bestowed upon witnesses examined before the repeal took place continued after the repeal and might be invoked in their behalf when their evidence was sought to be read in a civil action.

That the provision of the statute which was repealed was as sacred as the one which remained in effect, and it would be unjust to the witness not to give her the full benefit of the promise made by the legislature when she gave her evidence, and that no such effect should be given to the amendment.

Upon the trial the plaintiff, for the purpose of establishing the defendant Marshall's insolvency at the time of the conveyance, was permitted to give in evidence judgments recovered against him after the deeds were delivered and after the commencement of this action.

*Held,* that they were incompetent evidence, as against the grantee, and that her objection to their reception should have been sustained.

APPEAL from a judgment of the Wayne county Special Term, entered in the office of the clerk of that county on May 23, 1888,

declaring that a deed of certain lands executed by William J. Marshall to the defendant Henry H. Hickox, and one by the latter to the defendant Martha A. Marshall, were fraudulent and void as against the judgment held and owned by the plaintiff against the defendant William J. Marshall; and that such deeds be vacated and set aside as against the said judgments; and, also, an appeal from an order of the same Special Term, entered in the same office on March 19, 1887, denying the appellant's motion for a new trial of special issues tried before the jury.

This action is in the nature of a judgment-creditor's bill. The defendant William J. Marshall is the husband of the defendant Martha A., and on the 11th day of April, 1874, he conveyed to the defendant Hickox the lands in question with the understanding at the time the conveyance was made that he received the title *pro forma* for the purpose of conveying the same as trustee to the defendant Martha A. After the conveyances were executed the judgment upon which the action was founded was recovered against William J. Marshall for the sum of $533.95. The plaintiff charged that the deeds were without consideration, and were made by all the parties thereto with an intent to cheat and defraud the creditors of the first named grantor. The answer denied the allegations of fraud, and Mrs. Marshall claims that the same were based upon a valuable consideration paid by her to her husband. Special issues were framed for the purpose of trying the question of fraud, and to ascertain the amount of consideration money, if any, which was paid by the said Martha to her husband for the conveyance. The question of fraud was decided against the defendants, and the jury found that Mrs. Marshall actually paid to her husband $500 as the consideration for the deed, and nothing more. The motion for a new trial was made by the defendants, founded upon exceptions, which was denied at the same Special Term at which the final hearing was had, and judgment was directed setting aside the conveyances as against the plaintiff's judgment.

*S. B. McIntyre,* for the appellants.

*Stephen K. Williams,* for the respondent.

BARKER, P. J.:

The appellant does not claim that the findings of the jury on the special issues were against the weight of evidence, and we have only

to consider the exceptions to the rulings made by the trial judge on the trial of the special issues. The issue of fraud presented the only question in serious dispute. The record shows, and the counsel for the respondent has made his argument as if it were so, that the Special Term, in disposing of the case on the hearing of the question reserved, adopted without modification the facts as found by the jury. This being so, the judgment rests for its support upon the special verdict, and, therefore, the exceptions taken on the trial before the jury are properly here for review. Before this action was commenced the plaintiff instituted supplementary proceedings against the judgment-debtor ; and on the hearing before the officer who conducted these proceedings, he called and examined as a witness in his own behalf the defendant Martha, whose evidence was reduced to writing and signed by her. On the trial of the special issues the plaintiff offered in evidence, as against the defendant Martha, portions of such deposition, to which she interposed the objection that the same was incompetent and was a privileged communication by virtue of the provisions of section 2460 of the Code of Civil Procedure, as it existed at the time of the examination.

The objection was overruled and the defendant Martha excepted. The examination was in December, 1880, and the said section was amended in 1881, and this action was commenced thereafter. As enacted, that section provided that a party or a witness examined in a special proceeding, supplementary to execution, is not excused from answering a question on the ground that his examination will tend to convict him of the commission of a fraud, and to prove that he has been a party or privy thereto, or knowing of a conveyance, assignment, transfer or other disposition of the property for any purpose ; * * * but an answer cannot be used as evidence against the person so answering, in a civil or criminal action, or in any other special proceedings, civil or criminal. The amendment of 1881 struck out from the last paragraph of this section the word " civil," and thereby limiting the prohibition to the use of the evidence against the party or witness to criminal proceeding only. In this State, by legislative enactment, it has been for a long time made a misdemeanor for any person to become a party to a conveyance of real or personal property, with an intent to hinder, delay or defraud creditors, or, being a party thereto, willfully putting the same in use

as having been made in good faith. (Penal Code, § 586, 2 R. S. [3d ed.], § 3, p. 776.)

If the conveyance by the judgment-debtor to his wife of the premises mentioned was made by him and received by the defendant Martha, for the purpose of cheating and defrauding creditors as charged in the complaint, and, as established by the final judgment, the defendant Martha was guilty of a crime. At the time of her examination, which took place December, 1880, she was liable to a criminal prosecution for the crime which she had committed. And the statute of limitations applicable to that class of offenses had not run against the right of the people to prosecute her for the offense it is alleged she had committed. For these reasons it is conceded that the defendant Martha, when she was on examination before the officer, could have rightfully claimed her privilege and declined to answer the questions propounded to her, bearing upon the question of fraud, except for the qualifying clause of section 2460, which, in terms, declared that any criminating evidence given on an examination of a witness in supplementary proceedings shall not be read against him in any civil or criminal action. The privilege which the law bestows on a witness, that he shall not be compelled to give evidence in any judicial proceeding which would tend to convict him of a crime, has its foundation in the precepts and practice of the common law, which are also incorporated in the bill of rights contained in article 1, section 6 of our Constitution, which declares that "no person shall be compelled, in any criminal case, to be a witness against himself." The privilege thus secured to the citizen the courts are careful not to invade, and never require a witness to give up the secrets of his own mind, if they would tend to convict him of a crime, unless complete immunity is granted to him by the law-making power of the State, which, in terms, prohibits the use of his evidence in a criminal prosecution. Up to this point in the discussion, the learned counsel who appeared before us on the argument of this appeal do not materially disagree, but, from here onward, their respective arguments are irreconcilable. The plaintiff's counsel contends that, by the repeal of the provisions of section 2460, that the evidence given by her should not be used against her in a civil action, the protection given to her answer as a privileged communication was limited to criminal proceedings; and that her deposition was

competent evidence in any civil action prosecuted against her, where the same would tend to prove any fact in dispute as between herself and the other parties thereto. The argument presented in support of this proposition is, that the statutory provision, so far as it declared that the evidence which might tend to prove that she had been guilty of a fraud, should not be read against her in a civil action, was a mere rule of evidence, declared by the legislature, which could be repealed or modified at any time; and, when so repealed, evidence which had been previously given could be used the same as if the immunity, so far as it was taken away, had never been given. What is a rule of evidence?

The text writers say that the word evidence, in legal acceptation, includes all the means by which any alleged matter of fact, the truth of which is submitted to investigation, is established or disproved. (1 Greenl. Ev., § 1.) A rule of evidence may, then, be defined to be the mode and manner of proving the competent facts and circumstances upon which a party relies to establish the fact in dispute in judicial procedure. It is undoubtedly true that the legislature may change or alter the mere rule of evidence and establish a new way or manner of proving or disproving a question of fact in controversy; but we think the question under consideration involves something more than a rule of evidence, and the immunity which the statute bestowed upon witnesses examined before the repeal took place continued after the repeal, and may be invoked in their behalf when their evidence is sought to be read in a civil action. But for the immunity offered by the statute, that the evidence should not be used against a witness in a criminal proceeding, she could not have been compelled to have answered questions propounded to her, relative to the consideration which she paid for the deed, nor the circumstances attending its execution and delivery. It is true that the indemnity offered by the statute, as it read before the amendment, was broader than it was necessary that the legislature should provide for the purpose of compelling an answer to the inquiry made of the witness, nevertheless, it was one of the considerations which the legislature then thought proper to offer for the purpose of inducing the witness to disclose secrets relative to her private transactions. No one will contend, that if the legislature had withdrawn all the indemnity given by the statute, including the

one that the evidence should not be read on a criminal trial, charging the witness with the same fraud as that to which the evidence related, that the same could be read against the witness upon an indictment, charging that the deed was executed with an intent to cheat and defraud the creditors of the grantor. The provision of the statute which was repealed was as sacred as the one which remained in effect, and it would be unjust to the witness not to give her the full benefit of the promise made by the legislature, when she gave her evidence, and we think that no such effect should be given to the amendment. In determining the effect of the amendment we must assume that the legislature did not mean to violate its promise given to the witness, nor to divest her of an acquired right. It is always to be presumed that a statutory law, as to its legitimate office, was intended to furnish a rule as to future actions, to be applied in cases arising subsequent to its enactment. The law is never to have retroactive effect, unless its express letter or clearly manifest intention requires that it should have such effect.

"In *Dash* v. *Van Kleeck* (7 Johns., 503), KENT, Ch. J., says: 'We are to presume, out of respect to the law-giver, that the statute was not meant to act retrospectively,' and that 'a statute ought never to receive such a construction if it be susceptible of any other.'" (*N. Y. and O. M. R. R. Co.* v. *Van Horn*, 57 N. Y., 473.)

In *Palmer* v. *Conly* (4 Denio, 376), JEWETT, J., says: "It is a doctrine founded upon general principles of the law, that no statute shall be construed to have a retrospective operation, without express words to that effect, either by an enumeration of the cases in which the act is to have such retrospective operation, or by words which can have no meaning, unless such a construction is adopted." The only retrospective operation which it would be possible to give to this statute would be to take away from a party or a witness the right which existed before its adoption, for, as a rule of evidence, it could only apply to future examination.

The plaintiff, for the purpose of establishing Marshall's insolvency at the time of the conveyances, was permitted to give in evidence judgments recovered against him after the deeds were delivered and after the commencement of this action. We think they were incompetent evidence as against the grantee, Mrs. Marshall, and that her objection to their reception should have prevailed.

The first question submitted to the jury was framed as follows : " Was the transfer of the premises described in the complaint on the 26th day of May, 1879, by the defendant William J. Marshall, through the defendant Henry H. Hickox, to the defendant Martha A. Marshall, made with an intent, on the part of William J. Marshall, to hinder, delay or defraud creditors ? " The defendants' counsel asked the court to charge the jury that if they find that the sole intent of William J. Marshall, in the transfer, was to procure means to discharge the claims of Adriance, Pratt & Co., then their verdict should be in the negative to the first question. The court declined to charge as requested, but said to the jury, if they found he had no intent to hinder his creditors, or he did not know that the result would be to hinder his creditors, and simply meant to pay the debt without thinking anything about that, that is so, but refused to charge in the language of the request. The defendant excepted to the refusal to charge as requested and to the charge as made. We think the refusal was a correct ruling, because the effect of the proposition was to change the form and character of the precise question submitted to the jury by the court for their consideration. It was a question for the jury to consider, in passing upon the question submitted, and if they found that the sole intent of Mr. Marshall was to raise money to pay off the claims of Adriance, Pratt & Co., then they might have been satisfied that he had no intent to hinder, delay or defraud creditors. The judge, by the qualifications which he made in the request to charge, in effect, told the jury that if he had no intent to delay or defraud his creditors, then they could answer the question in the negative. Other exceptions were taken to portions of the charge and also to the refusal to charge several propositions as proposed by the defendants. We have examined them and we see no error.

We are now to consider whether a new trial should be granted for the errors which we have indicated. As to the reception of the judgment-rolls as evidence upon the question of Mr. Marshall's insolvency, the error is not so serious as to induce us to grant a new trial, in view of the rule which prevails in this class of cases, and is stated in section 1003 of the Code of Civil Procedure, that in an application for a new trial, on the ground of error in the admission or the exclusion of evidence, or any other ruling or direction of the judge upon

the trial, the error may, in the discretion of the court which refused it, be disregarded, if the court is of the opinion that substantial justice does not require that a new trial should be granted. There was no real dispute on the trial; as a matter of fact, Marshall was insolvent when the lands were deeded. As to the other error which we have indicated, we think it so serious in its character that it cannot be disregarded, and that substantial justice does require that a new trial should be granted, and that the question of fraud be tried and determined upon legitimate and unexceptionable evidence. The portions of Mrs. Marshall's evidence given in supplementary proceedings, and which was read on this trial, relate to the question of fraud; it bears on the important question as to the amount, and also the mode and manner of paying the consideration for the deed. It is manifest, upon reading the whole case, that the jury were led to believe that the transaction was fraudulent for the reason that the consideration paid was not adequate, as they found that she only paid the sum of $500.

There is some reason for the contention that the introduction of this evidence compelled the appellant to take the stand as a witness in her own behalf, for the purpose of explaining some parts of her evidence, given before the officer who conducted the supplementary proceedings. The reception of the evidence deprived the appellant of what we regard as a most sacred as well as substantial right, and, unless it can be very clearly demonstrated, as we think it has not been, that no injury resulted to the appellant from its reception, a new trial should be granted.

Judgment reversed and new trial granted upon the special issues, and the costs of this appeal to abide the final award of costs.

All concurred except BRADLEY, J., who concurred in the result.

Judgment and order reversed and new trial ordered upon the special issues. costs of the appeal to abide the final award of costs.