SAMUEL P. TRAIN AND EDWARD S. SMITH, RESPOND-
ENTS, *v.* JOHN L. TAYLOR, APPELLANT, IMPLEADED WITH
HUGH F. KENDALL AND ANOTHER.

*Conspiracy — a verdict against one defendant, and in favor of another, when·*
*improper — evidence.*

In an action for conspiracy, where the members of a copartnership are alleged to
have conspired with a third party, with a view to, and for the purpose of, induc
ing others to furnish goods to the copartnership, upon the faith of false· and
fraudulent representations to be made by such third party, a verdict cannot be
rendered against the members of the copartnership, and in favor of the third
party who is alleged to have conspired with them.

The competency of evidence as to statements made to a commercial agency two
years before the alleged conspiracy, as to the prices at which goods were pur-
chased and could be purchased, and as to declarations made by a witness before
the trial, considered.

APPEAL by the defendant Taylor from a judgment against him,
entered April 27, 1887, upon the verdict of a jury, for $5,771.75,
recovered at the New York Circuit.

*B. F. Tracy*, for the appellant.

*F. C. Barlow*, for the respondents.

VAN BRUNT, P. J.:

This action seems to have been tried upon the theory that a ver-
dict for the plaintiffs might be sustained against one defendant
while another defendant could have a verdict in his favor. And
this theory seems to have led to various serious errors in the admis-
sion of evidence, which call for a reversal of the judgment. We
do not understand that in an action of this character, being an action
for conspiracy, and nothing else, a verdict can be rendered against
one defendant in favor of the plaintiff, and another defendant suc-
ceed. It is impossible for a man to conspire with himself, and so it
was impossible for Kendal Brothers to conspire with itself so that a
verdict for conspiracy between it and Taylor might be sustained
upon proof showing that it or its members had been guilty of fraud
in which the defendant Taylor in no manner participated. There-
fore, these rulings in this case, which proceed upon the theory that

a recovery might be had in this action for fraud against Charles B. Kendal, the only member of the firm of Kendal Brothers who was served with process, even though the plaintiff should fail to prove the conspiracy charged in the complaint, are clearly erroneous. That the case was tried upon this theory is apparent from the admission of evidence, as against Kendal Brothers alone, which was clearly incompetent in respect to his co-defendant Taylor. And upon the points of the learned counsel for the respondents, the proposition is urged that whether a conspiracy was proven or not, whether there was any actual, conscious combination or plot between the defendant Taylor and either or both of the other defendants, is immaterial; and that if the defendant Taylor knew that they were hopelessly insolvent and could not pay for the purchases which they were making, and, with this knowledge, aided them in making these purchases and induced them to pay their indebtedness to him by means of these purchases, then the defendant Taylor having consciously inflicted a loss upon the plaintiff for the purpose of escaping from the loss himself, he is liable in damages whether the defendants Kendal, or either of them, actually conspired with him or not.

An examination of the complaint shows that all its allegations proceed upon the ground of a conspiracy between the Kendals and Taylor. The allegations are that it was then and there agreed between them that they should buy goods upon credit from such persons as could be induced to sell them, which said defendants' firm could not and did not intend to pay for, and that the firm should sell for cash or promissory notes a part of the goods thus fraudently obtained, and procure the promissory notes to be discounted, and with the proceeds thereof, and with the cash to be realized from said sale, and with the remaining portion of the merchandise to be purchased, as aforesaid, should pay in full their indebtedness to Taylor. The complaint also alleges that it was further agreed, and as a part of said conspiracy, that in order to enable said firm to make such purchases on credit as would effect the purpose of said conspirators, the defendant Taylor should sustain the credit of the firm, and should so sustain it until the said indebtedness to him had been paid in full, either in cash or by the transfer of merchandise.

This cause of action is clearly a fraudulent combination between

these defendants by which they undertook to defraud those persons from whom Kendal Brothers should purchase merchandise, for the purpose of benefiting the defendant Taylor. This cause of action must be made out or the plaintiff must fail. It is undoubtedly true that the declarations of co-conspirators, when the conspiracy has once been established, may be taken in evidence against each other. But it is necessary, in the first place, that the conspiracy should be established in order to make such evidence competent; and, then, that the declarations made should have some relation to the carrying out of the conspiracy itself. Without in any manner discussing or expressing an opinion in this case as to whether the evidence was sufficient to establish any conspiracy, and there are grave doubts upon that point, and without in any manner expressing an opinion as to whether there was sufficient evidence to justify the denial of the motion to dismiss the complaint upon the whole case, as against the defendant Taylor, because of the want of such proof, we will consider for a moment a few of the objections taken to evidence and which were overruled. The first objections to which it is necessary to call attention are those to the evidence as to the representations made by Kendal to the commercial agencies. It is true that no exception was taken by the defendants to the first of this evidence, although their objection was overruled; but it does appear that evidence was given of representations made to the commercial agencies as early as December, 1880, which was duly excepted to, when there is no allegation in the complaint of any conspiracy or understanding between these parties prior to the 1st of August, 1882. Now, it is clear that as far the defendant Taylor was concerned, and as far as this action was concerned, representations made to a commercial agency two years before the alleged conspiracy could not be evidence against either of the parties. This evidence was admitted as against the defendant Kendal, but it naturally affected the defendant Taylor; and, therefore, its admission was error, because it was too remote from the time of the alleged conspiracy to have any relevancy thereto.

The same may be said of the evidence in regard to the interview in March, 1882, and also of the evidence as to the representations made in July, 1882. The representations made, prior to the forming

of this conspiracy, by the Kendals to the mercantile agencies may very well have been competent in an action against them for obtaining goods upon fraudulent representations, but they had nothing whatever to do with this fraudulent conspiracy, and their declarations made prior to the formation of the conspiracy could in no manner affect the defendant Taylor. The exception to the exclusion of the evidence as to the price at which the defendant Taylor could have imported the goods procured from the Kendal Brothers was clearly well taken. One of the questions upon which it was claimed that the element of knowledge upon the part of Taylor was to be established was because he purchased the goods at lower prices than Kendal paid for them. To rebut that presumption the defendant Taylor had a right to show that he got the goods at prices greater than they would have cost him had he been able to import them. The evidence tended to prove that there was nothing in the price of the goods which would go to show that there was any fraudulent combination between Taylor and the Kendals; and as the whole of the evidence by which this alleged conspiracy is sought to be supported is circumstantial, the defendant Taylor had a right to establish this fact in order to disprove any unfair and unjust inferences which might be drawn from the fact that he purchased the goods from the Kendals at less prices than they paid for them.

The exception taken also to the declarations of the witness Johnson, claimed to have been made by him to various parties before the trial, consistent with his evidence upon the trial, was well taken. This witness had testified upon his direct-examination to a certain statement which had been made by the Kendals to him a considerable time before their failure; and upon cross-examination he was asked whether he had before the failure mentioned these facts to anybody, and he said he had not. The defendants offered proof tending to show that this Johnson had attempted to blackmail a firm who had business transactions with the Kendals, but were not parties to this action, and that he had made application for accommodation to Mr. Taylor, and had been refused. The plaintiffs' counsel stated, upon these questions being objected to, that inasmuch as the defendant claimed that the testimony of Johnson was given under the motives of anger and revenge, caused by his failure to succeed in his effort

to blackmail the defendants and the firm of Cohn, Lazarus & Co., and as defendants had given evidence tending to show such effort on the part of Johnson, the plaintiffs had the right to show that Johnson had told the same story before such efforts were made. The court overruled the objections of both defendants, and exceptions were duly taken. It is doubtful whether, under any circumstances, the statements contained in this offer would justify the introduction of the evidence. But there was no proof in the case whatever that the defendants had offered evidence tending to show that Johnson had attempted to · blackmail them. They did show that he attempted to blackmail a firm who were not parties to this action, and, therefore, the very ground which was given to support this evidence does not, in fact, exist.

It is urged, upon the part of the respondent, that after this statement was made no disclaimer was vouchsafed upon the part of the defendants that they had offered such proof. We do not know that the appellant is bound to disaffirm every statement that may be made by counsel during the trial of an action which he does not assent to. If the ground upon which the respondents seek to sustain the ruling is not found in the record, then the exception raises the question. And, furthermore, in the case at bar, the witness Johnson had been examined, and upon his cross-examination he stated that he had never told anybody before. It was not competent for the plaintiffs to prove, by his previous declarations, that the witness Johnson had lied in this particular, and thus attempt to bolster up his testimony. As has been urged upon the part of the appellant, the only cases in which such evidence has been admitted (and certainly the rule should not be extended, because this is evidence of the most dangerous character which can be admitted by a court of justice) have been those in which the relations of the witness to the subject-matter, or to the party in whose behalf he has testified, have become so changed as to make it for his interest to falsify his testimony, which is not the proof in the case at bar.

There are other exceptions to which our attention has been called in which an erroneous rule seems to have been followed; but sufficient has been said in respect to the exceptions which have been discussed to make it necessary to order a new trial in this action.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

Brady and Macomber, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.