VOLTZ *v.* WILSON *et al.*

*(Supreme Court, General Term, Fifth Department.* October 19, 1889.)

TRIAL—OBJECTIONS TO EVIDENCE.
An objection to the testimony of a witness as to a statement made to him by another witness, because the latter was not asked if he had made such a statement, is properly overruled where the questions asked both witnesses were directed to the same subject-matter.

Appeal from Erie county court.

Action by Anthony W. Voltz against Benton H. Wilson and Homer Van Buskirk. From a judgment on a verdict for plaintiff, defendants appeal.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*Frank M. Loomis,* for appellants. *Charles F. Whitcher* and *John T. Joyce,* for respondent.

MACOMBER, J. The action was brought to recover damages, on account of the fraudulent representations made by the defendants upon a sale to the plaintiff of two chattel mortgages held by them, and which they had received from a man by the name of James Ives. The evidence in behalf of the plaintiff was directed to an effort to show that the defendants, by the mouth of Wilson mainly, had represented before the sale of the chattel mortgages to the plaintiff that the same were good or all right, and that Wilson knew or had been notified that Ives did not own the property so purporting to be covered by the mortgages. This was the question at issue. Presumably, it was fairly presented to the jury, and their verdict, in the absence of any exceptions to the instructions, would be conclusive. The charge of the learned court does not appear in the case, and no complaint is made in regard thereto by the appellants.

We have examined the several exceptions to the reception and rejection of evidence, and find in them nothing worthy of comment save those arising upon the evidence of the witness Whitcher. The competency of this evidence is to be determined by the previous testimony given by the witness Root. Whitcher was asked as follows: "*Question.* Did Root say to you that Wilson told him that he sold these mortgages as being all right? *Answer.* Not in exactly those words. *Q.* Give me the words exactly. *A.* Root said that Wilson told him that, while he didn't guaranty the mortgages,—the payment of them,—he sold them as being good and all right, and, as mortgages, they were good and all right." These questions were respectively objected to, and their answers excepted to, upon the ground, solely, that Root had not been asked whether he made a like statement to Whitcher. Recurring now to the witness Root, the following evidence was given by him: "*Q.* Did Wilson tell you at that time, that when he sold those mortgages they were all right? *A.* I cannot swear to that. I will tell you what he did tell me. *Q.* Did he make use of the expression 'all right' in connection with these mortgages? *A.* Yes, sir. *By the Court:* *Q.* Who? *A.* Wilson." It will be seen that the questions asked of Whitcher were substantially directed to the same subject-matter as those addressed to the witness Root, and that, consequently, the objection as made was untenable, and was properly overruled by the county judge. The judgment should be affirmed. All concur.