ANTHONY W. VOLTZ, Respondent, *v.* BENTON H. WILSON *et al.*, Appellants.

*Supreme Court, Fifth Department, General Term, October* 19, 1889.

*Witnesses. Impeachment.*—Where a question on an impeachment is substantially directed to the same subject matter as that previously addressed to the impeached witness, it is not subject to the objection that the latter had not been asked if he had made such statement.

Appeal from a judgment of the county court of Erie county, entered upon the verdict of a jury.

*Charles F. Whitcher* and *John T. Joyce,* for respondent.

*Frank M. Loomis,* for appellants.

MACOMBER, J.—The action was brought to recover damages on account of the fraudulent representations made by the defendants upon a sale to the plaintiff of two chattel mortgages held by them, and which they had received from a man by the name of James Ives.

The evidence in behalf of the plaintiff was directed to an effort to show that the defendants, by the mouth of Wilson mainly, had represented, before the sale of the chattel mortgages to the plaintiff, that the same were good or all right, and that Wilson knew, or had been notified, that Ives did not own the property so purporting to be covered by the mortgages. This was the question at issue. Presumably it was fairly presented to the jury and their verdict, in the

sense of any exceptions to the instructions, would be conclusive. The charge of the learned court does not appear in the case, and no complaint is made in regard thereto by the appellants.

We have examined the several exceptions to the reception and rejection of evidence, and find in them nothing worthy of comment, save those arising upon the evidence of the witness Whitcher. The competency of this evidence is to be determined by the previous testimony given by the witness Root.

Whitcher was asked as follows : " Q. Did Root say to you that Wilson told him that he sold these mortgages as being all right ? A. Not in exactly those words.

" Q. Give me the words exactly. A. Root said that Wilson told him that while he didn't guarantee the mortgages, the payment of them, he sold them as being good and all right, and as mortgages they were good and all right."

These questions were respectively objected to and their answers excepted to upon the ground solely that Root had not been asked whether he made a like statement to Whitcher. Recurring now to the witness Root, the following evidence was given by him : " Q. Did Wilson tell you at that time that when he sold those mortgages they were all right ? A. I cannot swear to that, I will tell you what he did tell me.

" Q. Did he make use of the expression all right in connection with these mortgages ? A. Yes, sir.

" By the court—Q. Who ? A. Wilson."

It will be seen that the questions asked of Whitcher were substantially directed to the same subject-matter as those addressed to the witness Root, and that consequently the objection as made was untenable and was properly overruled by the county judge.

The judgment should be affirmed.

BARKER, P. J., and DWIGHT, J., concur.

Note on " Impeaching Witness by Contradictory Statements."

A party cannot impeach his own witness by contradictory statements. Morris *v.* Wells, 54 Hun, 634. ·

A party producing a witness cannot introduce evidence to impeach him. Matter of Mellen, 56 Hun, 553.

A party may contradict the testimony, but cannot impeach the credibility, of his own witness. Schnitzer *v.* Heusted, 39 N. Y. St. Rep. 210.

A party cannot impeach a witness produced by him by proving contradictory statements. Tice *v.* Dromgoole, 33 Hun, 365. He may show that the witness has made a mistake in his testimony. Id.

A party, while he may not impeach a witness called by him, may prove a fact contrary to the recollection of such witness. Campbell *v.* City of Syracuse, 20 W. Dig. 449.

The mode of impeaching a witness is somewhat discretionary. Healey *v.* Terry, 16 Daly, 117.

As to what is not a sufficient foundation for such testimony, see case last cited. ·

The mode of impeaching a witness by contradiction, stated. Palmeri *v.* Man E. R. Co., 60 Hun, 579.

Habitual litigation is no ground of impeachment. Id.

The statements of a witness out of court at variance with his testimony, which he denied making upon his cross-examination, are admissible for the purpose of contradicting and discrediting him. People *v.* Schuyler, 106 N. Y. 298.

A witness may be asked if he has made statements before the trial at variance with his testimony, for the purpose of affecting his credibility. Plyer *v.* German-A. Ins. Co., 48 Hun, 618.

Where the case for the prosecution, upon the trial of an indictment for perjury, rested principally upon the evidence of one witness, it may be shown upon his cross-examination that, in a former proceeding, he had testified that he made a statement inconsistent with, and contradictory of the one to which he had just testified. People *v.* Thornton, 46 Hun, 643.

Where a witness, on his cross-examination, denies having made a statement as to a fact or circumstance, which is or may be argued to the jury *to be within his knowledge, and which is inconsistent with matters material to the issue* to which he has testified on the direct examination, and the time when, place where and person to whom such statement was made have been seasonably called to the attention of the witness, it may be proved in contradiction as affecting his credibility that he did make the statement. Kinner *v.* D. & H. C. Co., 52 Supr. 162.

It is competent to prove a statement of a witness out of court inconsist-

ent with his evidence, upon a question material to the issue where the witness has been first interrogated as to the matter. Holliday *v.* Sprague, 19 W. Dig. 150.

As to when questions are competent to contradict a witness, see Voltz *v.* Wilson, 54 Hun, 635.

The evidence to impeach or contradict a witness is competent, either as part of the affirmative case or in rebuttal. Ankersmit *v.* Tuch, 114 N. Y. 51.

The maker's certificate that the note is genuine business paper, is competent to contradict his adverse testimony. Webb *v.* Pryer, 53 Hun, 636.

The prior or contemporaneous statements of a witness are competent to impeach his testimony. Masterton *v.* Boyce, 53 Hun, 630 ; Robinson *v.* Same, Id. 630 ; Bangs *v.* Same, Id. 630.

His prior material contradictory statements are admissible upon the witness's credibility. Morris *v.* A. A. R. R. Co., 116 N. Y. 552.

But his answer as to a collateral or irrelevant fact concludes the party. Id.

The contradictions between a witness's present and former testimony do not, as matter of law, discredit him. Murphy *v.* R., W. & O. R. R. Co., 56 Hun, 645.

A witness may be impeached by his letter containing contradictory statements. People *v.* Cassidy, 60 Hun, 579.

The admission of an entire affidavit is not objectionable, where its effect is expressly limited to its proper use. Hine *v.* Cushing, 53 Hun, 519.

An examination in supplementary proceedings, taken before the amendment of 1881 to § 2460 of Code, could not be used thereafter in a civil action against the witness. Lapham *v.* Marshall, 51 Hun, 36.

The rule of evidence, stated. Id.

Neither can an examination in supplementary proceedings be used against a judgment debtor in a criminal action or proceedings. People *v.* Doyle, 58 Hun, 535.

The statements made by the defendant, offered before he was a witness for the sole purpose of attacking his credibility, is properly excluded. Davis *v.* Evans, 38 N. Y. St. Rep. 487.

The evidence of contradictory statements is not admissible, unless the witness's attention has been previously directed to them. Provost *v.* Mayor, etc., 15 Daly, 87.

A witness, in order to lay the foundations for proof that he has made statements contradictory to his testimony, must be asked if he made such statements. People *v.* Minisci, 46 Hun, 682.

The witness may be impeached by a prior written statement, without first calling his attention to the time and place where it was made. Doud *v.* Donnelly, 59 Hun, 615.

As to when a witness cannot be impeached by contradictory statements, see Surdam *v.* Ingraham, 59 Hun, 620.

Matter not pertinent, which was called out on cross-examination, cannot be contradicted by other testimony. People *v.* Ryan, 55 Hun, 214.

Note on " Impeaching Witness by Contradictory Statements."

A witness cannot be impeached by a contradictory statement as to collateral matters.   People *v.* Fleming, 60 Hun, 576.

A witness cannot be interrogated as to an immaterial statement, and be afterwards contradicted in his statement by evidence given on the part of the person interrogating him.   People *v.* Buddensieck, 4 N. Y. Crim. 230.

A witness's answer, upon new or collateral matter, is conclusive.   Hill *v.* Froehlich, 60 Hun, 580.

The rule permitting proofs of statements of a witness out of court contrary to his testimony, for the purpose of discrediting him where he has denied making such statements, does not authorize proof of statements merely expressive of an opinion of a party and his conduct, but not contradictory of his testimony.   People *v.* Beckwith, 45 Hun, 422.

Where a witness has been examined by the party calling him upon a single point, the adverse party cannot, by examining him as to other matters, lay the basis of a contradiction on the latter point.   People *v.* Holfelder, 5 N. Y. Cr. 179.

The credibility of a witness cannot be impeached by asking him whether he voted, at an election a certain ticket which was blasphemous.   Martin *v.* Wood, 52 Hun, 613.

The contradiction of some of the witnesses who testify to the same fact does not affect the credibility of those not contradicted.   Plyer *v.* G. A. Ins. Co., 121 N. Y. 689.

The doctrine laid down in Lomer *v.* Meeker, 25 N. Y. 361, and Kelly *v.* Burroughs, 102 Id. 93, was approved in this case.

The previous testimony of a witness is inadmissible to give color and strength to his present direct testimony, in the absence of any inconsistency between them.   Hine *v.* Cushing, 53 Hun, 519.

A party cannot usually bolster up the testimony of his witness by his previous similar statements.   Train *v.* Taylor, 51 Hun, 215.

Cases when this may be done, stated.   Id.

A party, where his witness has been impeached by proving statements out of court, inconsistent with his testimony, is not entitled to introduce proof of statements made by the witness at about the time alleged, corresponding with his testimony.   Jenkins *v.* City of Hudson, 40 Hun, 424. Such evidence does not tend to meet the issue tendered by the impeachment. Id.

A party may be allowed to contradict the answers of his own witness as to motives in regard to the particular transaction in controversy.   Burgess *v.* N. Y. C. & H. R. R. R. Co., 34 Hun, 233; 20 W. Dig. 249; 98 N. Y. 641.