JOSEPH KEIT, Respondent, v. DAVID WYMAN, Appellant, Impleaded with FREDERICK KELLER.

*Action for damages against two defendants charging conspiracy and the commission of a tort — tort proved against one only — several judgments.*

In an action against several defendants to recover damages, in which it is alleged that the defendants conspired to commit, and did commit, an actionable wrong, which is capable of being perpetrated by the joint act of several or by the independent act of one, a judgment may be recovered against one defendant and in favor of another.

Hence, where a complaint against two defendants for damages, charged them with having conspired to injure the plaintiff by making and circulating certain defamatory charges against him, and alleged that they publicly made such charges, and the utterance of the charges was proved as to one defendant only:

*Held,* that it was proper for the trial court to permit the entry of judgment against such defendant and to dismiss the complaint as to the other.

Appeal by the defendant, David Wyman, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 13th day of March, 1891, on a verdict in favor of the plaintiff and against said defendant, and from an order denying a motion for a new trial made on the minutes.

*J. Woolsey Shepard,* for the appellant.

*Abraham Levy,* for the respondent.

Follett, J.:

The complaint charges that the defendants willfully and maliciously conspired together to injure the reputation and business credit of the plaintiff by charging and circulating among his acquaintances and customers that he had cheated and defrauded his former partner,

David Wyman, the defendant, and that defendants publicly made such charges. The defendants answered jointly interposing simply a general denial. On the trial witnesses called in behalf of plaintiff testified that the defendant Wyman said that the plaintiff was a fraud and had robbed him. No evidence was given that Kellar had uttered slanders against the plaintiff, and at the close of the plaintiff's case the complaint was dismissed as against him, with costs, but the court refused to dismiss it as to Wyman. The defendant Wyman also testified that he never made the statement testified to. Whether he did or not was submitted to the jury and they found for the plaintiff, and assessed his damages at $250. The defendant, Wyman, moved at the close of the plaintiff's case and at the close of the evidence that the complaint be dismissed as to him, on the ground that no conspiracy was proved to have been entered into between the defendants. The motion was denied and the defendant excepted. The defendant insists, on this appeal, that in such an action a verdict cannot be recovered against one of the defendants. At common law an action to recover damages for a conspiracy could be maintained only in two cases. (1.) A conspiracy to indict for treason, and (2), a conspiracy to indict for a capital felony. (*Savill* v. *Roberts*, 1 Ld. Ray., 374–379; *Jones* v. *Baker*, 7 Cow., 445; *Verplanck* v. *Van Buren*, 76 N. Y., 247; 2 Selw. N. P. [13th ed.], 1004; 2 Chit. Pleadings [16th Am. ed.], 493.) In the technical action for a conspiracy above described a recovery could not be had against one defendant. (*Savill* v. *Roberts, supra*.)

It is elementary law that in an action brought against several to recover damages for a tort alleged to have been committed by all the defendants, that a judgment may be recovered against one. Conspiring to commit a tort is not actionable, unless a wrong is done and damages ensue. (*Savill* v. *Roberts, supra; Cotterell* v. *Jones*, 11 C. B., 713; *Hutchins* v. *Hutchins*, 7 Hill, 104–107–108; *Forsyth* v. *Edminston*, 11 How. Pr., 408; *Gardiner* v. *Pollard*, 10 Bosw., 674–688; *Verplanck* v. *Van Buren*, 76 N. Y., 247–259; Add. Torts [3d Eng. ed.], 589; 2 Chit. Pleadings [16th Am. ed.], 498.)

In an action in the nature of a conspiracy, brought to recover damages for a tort alleged to have been committed by several in combination, a judgment may be recovered against one. (*Skinner* v. *Gunton*, 1 Wm. Saund., 228d; *Jones* v. *Baker*, 7 Cow., 445; *Gaff*

*ney* v. *Colvill*, 6 Hill, 567–573; *Hutchins* v. *Hutchins*, 7 id., 104; *Forsyth* v. *Edminston*, 11 How. Pr., 408; *City National Bank* v. *National Park Bank* (32 Hun, 105–111.) In this case the damages were assessed for a tort which was alleged to have been committed by both defendants, but was proved only against one. Under the authorities above cited we see no reason to doubt the correctness of the rule laid down by the learned judge at circuit.

The learned counsel for the appellant cites *Train* v. *Taylor* (51 Hun, 215) as an authority in support of his proposition that the judgment cannot be maintained against one of the defendants. It was said in the opinion in that case, by way of argument: " This action seems to have been tried upon the theory that a verdict for the plaintiffs might be sustained against one defendant while another defendant could have a verdict in his favor. And this theory seems to have led to various serious errors in the admission of evidence, which call for a reversal of the judgment. We do not understand that in an action of this character, being an action for conspiracy and nothing else, a verdict can be rendered against one defendant in favor of the plaintiff and another defendant succeed."

That case, so far as can be ascertained by the report, arose out of the following facts: Kendall Bros., a firm, purchased goods of the plaintiff, for which they failed to pay. The firm was indebted to Taylor. The action was brought against him and the members of the firm, in which it was alleged " that it was then and there agreed between them (the defendants), that they (Kendall Bros.) should buy goods upon credit from such persons as could be induced to sell them, which said defendants' firm could not, and did not intend to pay for, and that the firm could sell for cash or promissory notes a part of the goods thus fraudulently obtained, and procure the promissory notes to be discounted, and, with the proceeds thereof, and with the cash to be realized from said sale, and with the remaining portion of the merchandise to be purchased, as aforesaid, should pay in full their indebtedness to Taylor." It was also alleged that it was a part of the agreement that Taylor should sustain the credit of the firm, and enable it to make purchases on credit, but by what means he agreed to sustain its credit, or what he did for that purpose, is not disclosed by the report of the case. From the reporter's note, it seems that a verdict was rendered in favor of the Kendalls, and against Taylor,

who appealed. It being found that Kendall Bros. had not defrauded the plaintiffs in the purchase of the goods, Taylor could not be held liable for participating in a fraud which had no existence. It was neither alleged nor shown that Taylor committed any independent wrongful act which damaged the plaintiff, and constituted an actionable tort. The rule laid down, applied to the facts of the case, was sound, but there is no warrant for the assertion that the decision sustains the position that a judgment cannot be recovered against one defendant and in favor of another, in an action brought to recover damages, in which it is alleged that the defendants combined, confederated and conspired to commit, and did commit an actionable wrong which was capable of being perpetrated by the joint act of several, or the independent act of one. There are actionable wrongs which are incapable, from their nature, of being committed by one. A quorum of a board of directors might commit a fraud against the corporation which they represented, which could not be perpetrated by a single trustee, and in such a case a judgment against one could not be sustained. In the case at bar, the damages sustained by the plaintiff arose from a wrongful act which was capable of being committed, and which was committed by Wyman alone, for which he could be held individually liable, though Keller was held not liable. The text writers are not agreed as to whether an action can be maintained against two or more defendants to recover damages for slanders which they have agreed to circulate, and do circulate about a plaintiff (Towns., S. and L. [4th ed.], § 118; Odg., L. and S. [2d Eng. ed.], 420; Folk. Starkie, S. and L. [Wood's ed.], 434, § 410; Stark., S. and L. [3d Eng ed.], 238), and it is not necessary to pass upon this question in this case.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, with costs.