SCHUYLER C. SCHENCK ET AL. v. JAMES W. KNOTT.

1. JUDGMENT MAY BE HAD AGAINST ONE DEFENDANT IN ACTION AGAINST SEVERAL FOR WRONG WHICH MIGHT HAVE BEEN COMMITTED BY ONE.

In an action against several defendants to recover damages, in which it is alleged that the defendants conspired to commit an actionable wrong which is capable of being perpetrated by the joint act of several or by the independent act of one, judgment may be recovered against one defendant and in favor of another, and the failure of the court so to submit the case to the jury that they may find for one defendant and against the other is error.

2. PARTY LIABLE IN DAMAGES FOR CERTIFICATION TO A STATEMENT NOT KNOWN TO HIM TO BE TRUE WHICH WAS IN FACT FALSE.

It is error to charge that "If the party signed certificate of incorporation certifying that there had been $150,000 paid in, not knowing whether it was true or false, when in fact it was untrue, and such signing was done without knowledge thereof as to its truth or falsity, such statement would be recklessly made, and party making it would be liable for damages resulting, the same as though he knew the statement to be untrue."

3. MEASURE OF DAMAGES FOR FRAUDULENT SALE OF STOCKS.

It is error to charge as to a fraudulent sale of stock, that the measure of damages is the difference between the price paid and the value at the time of trial after the sale.

4. NEW TRIAL GRANTED ON NEWLY DISCOVERED EVIDENCE WHICH TENDS TO DISPROVE GROUNDS OF ACTION AS WELL AS IMPEACH PLAINTIFF.

On newly discovered evidence offered by defendant in support of a motion for a new trial, a new trial should be granted when such evidence is competent for the purpose of rebutting the evidence to sustain the plaintiff's action although incidentally tending to impeach the plaintiff, provided that its character be such that it ought to influence a different verdict.

[Syllabus approved by the court.]

ERROR to Lucas common pleas court.

King, Tracy, Chapman & Welles, for plaintiffs in error.
Potter & Potter, for defendant in error.

WILDMAN, J.

This is a proceeding in error to reverse a judgment rendered in the trial court. Mr. Knott brought suit against Schuyler C. Schenck and James E. Hickox, alleging that they had defrauded him in the sale to him of a number of shares of stock of a manufacturing corporation known as the Hickox, Mull & Hill Company, a corporation

Lucas County.

organized under the laws of the state of Michigan. The case has re-ceived more attention than we have usually been able to accord to cases before us, due to the fact that upon its presentation and argu-ment one of the members of this court, Judge Parker, was not present, being at the time physically disabled from acting with the other judges. It was the view of Judge Kinkade and myself, to whom the cause was submitted, that the judgment rendered below for the sum of $5,000 in favor of Knott as damages claimed to have been sustained by him should be reversed, but some question having arisen upon the settling of a journal entry, it was decided to reserve the case for further con-sideration until the recovery by Judge Parker of his health, so that he would be able to sit with us. At the present term the case has been en-tirely reargued before the full court, and we have arrived at a unani-mous conclusion as to the judgment which should be entered.

The facts being recited, briefly perhaps, in the opinion which I formerly announced for the court as then constituted, I will not attempt any further review of them, but content myself with giving some at-tention to the specific matters of claimed error which in our judgment still justify a reversal of the judgment of the trial court. An examina-tion of the record discloses that as to the claimed fraud in the statement in the articles of incorporation in Michigan that $150,000 on capital stock had been paid in, the court limited the power of the jury in making its findings to a verdict either for or against both defendants, that no opportunity as to that issue was given the jury to find that one of the defendants was not liable for any claim made by the plaintiff on the basis of that alleged fraud, while the other defendant might be liable, and in the final statement of the case to the jury near the close of the charge, the court presented to the jury two forms of verdict only. Those forms of verdict are not shown in the bill of exceptions, but it is quite clearly indicated that there was no halfway place at which the jury might rest their conclusions, finding one of the defendants liable and the other not. Indeed, the forms of the verdict, so far as indicated in the statement of their substance in the charge, would seem to show that the jury were directed to find as to all of the frauds charged in the petition that both of the defendants were guilty or neither.

It is said, however, that the court was not in error in this regard. It is insisted that this action is one for conspiracy, and that if the conspiracy falls, the whole case must fall with it. We do not think that this is so. The rule of our statute which authorizes trial courts to permit judgment against one or more of several defendants,

Schenck v. Knott.

or against all, as the case may require, is in Sec. 5311 Rev. Stat., which specifically provides as follows:

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants.

The case of *Keit* v. *Wyman*, 67 Hun. 337 [22 N. Y. Supp. 133], is in point, well reasoned and fortified by the citation of numerous authorities. The first paragraph of the syllabus is as follows:

"In an action against several defendants to recover damages, in which it is alleged that the defendants conspired to commit an actionable wrong which is capable of being perpetrated by the joint act of several or by the independent act of one, judgment may be recovered against one defendant and in favor of another."

We think that this is the correct view; that while a conspiracy to defraud is alleged in the petition, which is the assertion of the plaintiff's claim in the case at bar, that conspiracy is but a combination to do acts which would be unlawful in themselves and could be made the basis of an independent action against either one of the defendants without a conspiracy. The decision clearly falls within the rule embodied in our statute, Sec. 5311, to which I have referred. In restricting the jury to the two forms of verdict, it is our judgment that the court erred.

Our conclusion is fortified by the fact that Mr. Schenck in his testimony, which we have examined, says that he believed the statement certified by him with others in accordance with the Michigan statute to be true. He says that he was informed by Mr. Mull, who I understand was president of the corporation, that the fact was as stated in the certificate, and that he believed it, and I call attention to this now for its bearing upon the possibility of the jury under the evidence finding that the other defendant may have been guilty of fraud in the signing of the certificate, while Mr. Schenck may not be.

There is another application which may be made of this testimony of Mr. Schenck, to which I will now refer: The trial judge in his charge to the jury, in response to a request made after argument by counsel for the plaintiff, substantially gave to the jury an instruction bearing upon the principle that one may not recklessly make statements which he does not know to be true. Of course, our common sense tells us, if there were no authorities, that although a person may not know a thing to be true, if he has a belief, founded upon credible information given to him by others, he cannot be charged with fraud in the expression of such belief. Of course there are instances where one

Lucas County.

asserts as a matter of positive certainty that a thing is a fact when, because he does not know it to be a fact, he is not justified in making the assertion; but there are many cases in which it would not be accurate to say that because one does not positively know that a thing is so, he is committing a fraud by asserting that it is so, and we think that the court was not sufficiently guarded in his language in this respect in the instructions given after his general charge. He had completed the charge when the attorney for the plaintiff said:

"I think the charge perhaps covered all the points, except in one regard, where your Honor has spoken of reckless representations or statements, and to cover that point I ask your Honor to charge the jury this: 'If the defendants signed the certificate of incorporation of the Michigan corporation certifying that there had been $150,000 paid in on March 5th, 1903, not knowing whether it was true or false, when in fact it was untrue, and such signing by said defendants was made without knowledge thereof as to its truth or falsity, then such statement would be recklessly made and the defendants would be liable therefor, the same as though they knew such statements to be untrue at the time of so signing.'"

The court in response to that said, "If made with intention of influencing the plaintiff or one situated as he was," to which counsel assented by saying, "That is all right." And then the court said to the jury:

"I will say to you further, gentlemen, that if the defendants signed the certificate of incorporation of the Michigan corporation certifying there had been $150,000 paid in March 5, 1903, not knowing whether it was true or false, when in fact it was untrue, and such statement was made without any knowledge as to its truth or falsity, then such statement would be recklessly made and the defendants would be liable therefor the same as though they knew such statement to be untrue at the time of so signing, if made with the intention of influencing the conduct of the plaintiff in the particular of which he complains."

We think the court did not sufficiently guard this language against the criticism and objection to which I have called attention, especially in view of the testimony of Mr. Schenck as to his information and belief. And this, without stopping to consider the question as to whether the petition itself in its allegations justifies any instructions as to ignorant and reckless misstatements, we deem prejudicial error. The petition alleges an absolute knowledge on the part of the defendants

Schenck v. Knott.

with regard to these transactions. But it may be, as counsel maintain, that this allegation is broad enough to cover the contention that there may have been reckless misstatements deceiving and defrauding the plaintiff.

It is quite clear to us that the court erred in its charge as to the measure of damages. This case was tried some time in February, 1908. The transactions which are made the basis of the suit occurred, the first of them, in the early part of March, 1903, and as to certain other purchases of stock in the fall of the same year. A period of four and a half and five years had elapsed between the times of the purchase of the stock and the trial of the case in court, and yet the court told the jury that the plaintiff was entitled as compensation to recover the difference between the prices which he paid and the value of the stock, "if," as the court said, "it has any value, at the present time." This cannot be the true rule, and it is conceded by counsel that it is not; but it is said that the defendant was not prejudiced by the instruction because the stock had no value, as shown by the evidence, at the time when it was purchased. We do not feel that as a matter of law we can say that it is so, or even that the jury so found. We think there is evidence upon which minds might differ as to just what was the actual value of the stock at the precise times of these several purchases.

We think also that the court erred in overruling the motion for the new trial upon the ground that there was newly discovered evidence. The evidence which was tendered as newly discovered was not such as would serve merely the purpose of impeaching the plaintiff. It may incidentally have had that effect, but we think it touched one of the vital issues in the case, and that it was evidence which should properly be received if the case were retried, for the purpose of sustaining the affirmative averments in the petition, and that its use should not be confined to the mere impeachment of the plaintiff upon his offering himself as a witness. Its competency is not for the mere purpose of discrediting him, but also for the purpose of disproving the fact which he asserts as one of the bases of his action.

For the four reasons which I have stated, the judgment below should be reversed and the cause remanded for another trial. As to this last ground which I have stated, touching the newly discovered evidence, we have come to the conclusion unanimously, with full appreciation of the very able argument that counsel have made, and without overlooking the rule that the court should not grant a new trial

Lucas County.

upon this ground unless the newly discovered evidence be such as should influence the finding of a different verdict. The case will be remanded for another trial.

KINKADE, J.

I want to say in addition to what Judge Wildman has said, that I think there is in the language of the court as found on page 82 in the two middle paragraphs, and in the last paragraph on page 84, a clear assumption that the statements in the articles of incorporation filed in Michigan were false, wholly false. I think the language of the court in these two pages in that particular goes further than the court was justified in going. I agree in the opinion of Judge Wildman with that added.

---

## CONTINUANCE—COURTS—ERROR—INTOXICATING LIQUORS —NEW TRIAL.