# The Pacific Mail Steamship Company *vs.* Irwin.

An answer alleged that very large discretionary powers in regard to the control and management of the affairs and property of the plaintiff and in regard to the expenditure and disbursment of its funds, were conferred upon S., its president. In a succeeding paragraph it was alleged that S. had abused such discretion and misapplied, squandered and wasted the funds, including the sums mentioned in the complaint for which the defendant was prosecuted.

*Held,* that the allegation in the first paragraph was necessary for the intelligent statement of the defence set up in the second paragraph; and that, being in the nature of a preamble or introduction, it was not open to the charge of irrelevancy.

The answer also alleged that the plaintiff, for a good and valuable consideration, and upon a full settlement concluded between it and the said S., relinquished and discharged any and all claims in regard to the same, either against the defendant or any other person. *Held,* that the defence thus set up was by way of accord and satisfaction; and if the agreement was made as stated, it would be binding upon the plaintiff as a contract; whether in writing or otherwise.

A writen release is not necessary to create an accord and satisfaction, or a full settlement and discharge.

A defendant, having stated a defence, in his answer, is not bound so to define it, or rather enlarge it, as to set out the proofs by which it is to be established.

On application to strike out an answer as irrelevant, it must appear that the matter objected to is indeed irrelevant, and that the party is aggrieved thereby. It was not designed that such an application should be granted. for every redundant averment or statement in a pleading. *Per* BRADY, J.

An answer is indefinite when the precise nature of the defence is not apparent.

APPEAL, by the plaintiff, from an order made at a Special Term, denying a motion to strike out the answer as irrelevant, &c. (*S. C., very briefly reported,* 4 *Hun,* 671.)

*H. S. Bennett,* for the appellants.

*R. H. Scott,* for the respondent.

*By the Court,* BRADY, J. The answer in this action contains nothing which should be stricken out as irrelevant, or which should be made more definite and certain. The paragraph containing the statement that very large discretionary powers in regard to the control and management of the affairs and property of the plaintiffs, and in regard to the expenditure and disbursment of its funds, were conferred on its president, Alden B. Stockwell, is necessary for the intelligent statement of the defence set out in the succeeding paragraph, and which is that he had abused the discretion and misapplied, squandered and wasted its funds, including the sums mentioned in the complaint for which the defendant was prosecuted; and further, that the plaintiff for a good and valuable consideration, and upon a full settlement concluded between it and the said Stockwell, relinquished and discharged any and all claims in regard to the same, either against him, the defendant herein, or any other person whomsoever.

The defence thus set up is by way of accord and satisfaction; and whether a formal release exists or not does

not appear. It is not stated that such an instrument was made.

If the agreement was made as stated it would be binding upon the plaintiff as a contract, whether in writing or otherwise, (*Angel & Ames on Corp.*, §§ 219, 228, 231 ;) and the defendant having stated a defence is not bound so to define it, or rather enlarge it, as to set out the proofs by which it is to be established.

There is still another answer, and that is that the act which constitutes the defence is an act of the plaintiff, and not of a stranger.

It is the statement of a transaction which should be known to the plaintiff, if it ever occurred. The fact must be recorded in its books. It must be regarded as settled that on applications of this character it must appear that the matter objected to is indeed irrelevant, and that the party is aggrieved thereby. It was not designed that a motion should be allowed for every redundant averment or statement in a pleading.

In this district the growing love, or experiment, of motions is one which extends the calendars of special and general terms to gigantic numerical proportions. It is doubtless an instructive and ingenious process, but it is not to be encouraged. There are other modes for the acquisition of legal knowledge more genial and economical.

The statement objected to, being in the nature of a preamble or introduction, is not open, however, to the charge of irrelevancy. A pleading is indefinite when the precise nature of the defence is not apparent.

The precise nature of the defence here is apparent. It is that the plaintiff received certain claims and transfers upon a settlement and compromise in full of all demands against Stockwell and the defendant, growing out of the matters included in the settlement, and which embraced the moneys sued for in this action by the plaintiffs. The motion was properly disposed of, there-

Pacific Mail Steamship Company *v.* Irwin.

fore, at the Special Term, and the order made there should be affirmed.

The appeal having been thus considered on its merits, it is unnecessary to consider the question whether it is appealable or not. There are, however, it may be said, few questions of practice which, under the existing decisions relating to that subject, may not be presented to the General Term for consideration.

It is not difficult to understand that a motion to strike out matter regarded as irrelevant may involve the merits. It must depend upon the substance of the matter, viewed from a legal standpoint. It will sometimes happen, also, that though an answer is perfect in form as to the matters set out, it may not be such as to embrace the proof by which they are to be established. In this case, for example, it is by no means certain that under the averments of the answer a written release could be put in evidence. The defence does not embrace it. Such a paper is not necessary to create an accord and satisfaction, or a full settlement and discharge. (*Therasson* v. *Peterson*, 2 *Keyes*, 636.)

The order should be affirmed, with ten dollars costs and disbursements.

Order affirmed.

[First Department, General Term at New York, May 3, 1875. *Davis, Brady* and *Daniels*, Justices.]