### DE RONDE v. BELL et al.

(Supreme Court, Appellate Division, First Department.    December 7, 1906.)

1. HUSBAND AND WIFE—ENTICING AND ALIENATING—PLEADING.

A complaint alleged that defendants wrongfully contriving to injure the plaintiff, and to deprive him of the comfort and society of his wife, maliciously enticed her from his home, and have ever since detained and harbored her against the consent of the plaintiff, and in opposition to his efforts to obtain her from the custody and influence of defendants, and that defendants by various acts, promises of gifts, and by representations to her that plaintiff was not fit to be her husband, had wholly alienated and destroyed the love of the plaintiff's wife for him, and encouraged her to remain with them apart from plaintiff.    Held, that the complaint stated a cause of action against defendants.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Husband and Wife, § 1123.]

2. ACTION—JOINDER OF CAUSES OF ACTION.

The complaint was not subject to demurrer on the ground that two causes of action were improperly united, as setting forth one cause of action against each of the defendants.

Appeal from Special Term.

Action by John D. De Ronde against Eva A. Bell and another. From a judgment overruling a demurrer to the complaint, defendants appeal.    Affirmed.

Argued before PATTERSON, McLAUGHLIN, INGRAHAM, HOUGHTON, and SCOTT, JJ.

A. S. Tompkins, for appellants.
John J. Weiss, for respondent.

INGRAHAM, J.    The plaintiff alleges his marriage with one Helen W. Swarthout on the 30th day of November, 1892; that since such marriage and until the 22d day of June, 1899, the plaintiff and his wife lived and cohabited together; that prior to, and since, the marriage the defendants have at all times exercised and exerted an influence and control over the mind of the plaintiff's wife; that in or about the month of October, 1899, the defendants, knowing the relations that existed between the plaintiff and his wife, "wrongfully contriving and intending to injure the plaintiff, and to deprive him of her comfort, society, and aid, maliciously enticed her away from the plaintiff and her then residence in Nyack, New York, and have ever since detained and harbored her against the consent of the plaintiff, and in opposition to his utmost peaceable efforts to obtain her from the defendants' custody, control,

and influence;" and that "at divers times between the 1st day of October, 1898, and the 10th day of January, 1905, the defendants, by various acts, promises of valuable presents, and payments of money made by them to plaintiff's said wife, and by representations made to her that plaintiff was not fit to be her husband and life companion, have wholly alienated and destroyed the love and affection of the plaintiff's said wife for him, and said defendants encouraged and directed said wife to remain with them apart from plaintiff." The defendants severally demurred to the complaint, upon the ground that the complaint did not state facts sufficient to constitute a cause of action against the demurring defendants; and, second, that two causes of actions are improperly united, in that the complaint sets forth one cause of action against each of the defendants for alienating the affections of the plaintiff's wife. The court overruled the demurrer, and the defendants have appealed.

I think that the complaint alleges a joint cause of action. It seems to be settled that in an action against two or more defendants for a wrong it is not necessary to allege a conspiracy or joint act. In Hutchins v. Hutchins, 7 Hill, 104, Chief Justice Nelson said:

"The allegation of a conspiracy between the defendants for the purpose and with the intent of committing the wrong complained of in the several counts of the declaration is of no importance so far as respects the cause and ground of the action. A simple conspiracy, however atrocious, unless it resulted in actual damage to the party, never was the subject of a civil action; not even when the old form of a writ of conspiracy, in its limited and most technical character, was in use. * * * All the other cases of conspiracy in the books were but actions on the case; and though it was usual to charge the conspiracy in the declaration, the averment was immaterial, and need not be proved. The action could always be brought against one defendant; or, if brought against more, one might be found guilty, and the rest acquitted. * * * Where the action is brought against two or more as concerned in the wrong done, it is necessary, in order to recover against all of them, to prove a combination or joint act of all. For this purpose, it may be important to establish the allegation of a conspiracy. But if it turn out on the trial that only one was concerned, the plaintiff may still recover, the same as if such one had been sued alone. The conspiracy or combination is nothing so far as sustaining the action goes; the foundation of it being the actual damage done to the party."

In Brackett v. Griswold, 112 N. Y. 454, 20 N. E. 376, it was held that:

"Whenever it becomes necessary to prove a conspiracy in order to connect the defendant with the fraud, no averment of the conspiracy need be made in the pleadings to entitle it to be proved."

And Hutchins v. Hutchins was cited as establishing that proposition. The same principle was incidentally discussed in Green v. Davies, 182 N. Y. 499, 75 N. E. 536, and Hutchins v. Hutchins and Brackett v. Griswold are both cited, as was also Keit v. Wyman, 67 Hun, 337, 22 N. Y. Supp. 133. The rule to be deduced from these authorities seems to be that the plaintiff may allege that the defendants committed the wrong charged; that to entitle the plaintiff to recover against all the defendants he must prove upon the trial that the wrong was committed in pursuance of a common plan or combination participated in by those of the defendants against whom a recovery was had; but the common

action of the defendants is not a part of the cause of action, and, although the plaintiff fails to prove such combination or conspiracy upon the trial as to all of the defendants, he is entitled to recover against those who joined to do the act which caused the injury; or if he fails to show any such combination, he can recover against the defendant who was guilty of the wrong. To sustain a joint recovery against the defendants, the plaintiff must prove that there was a conspiracy or combination to do the acts by which he was deprived of the society of his wife, and, having proved the common purpose and the acts done in pursuance of it, he would be entitled to recover a joint verdict against both the defendants for the wrong. If, however, he failed to prove that the defendants conspired or combined to accomplish this result, he would then be entitled to a verdict against the defendant who was guilty of the charge. It would seem that the plaintiff could not recover against both defendants upon proof that each of the defendants was guilty of acts which, while sufficient to establish a cause of action against each, was not the result of conspiracy or common purpose, for there would then be two causes of action against different defendants, when each would be liable only for his or her own act. In such a case, I suppose the plaintiff would be required to elect against which of the defendants he would proceed, and the case would fall as against the other defendant. To entitle the plaintiff to recover in an action based upon a joint wrongful act of two or more defendants, the combination or conspiracy must be proved; but where the plaintiff fails to prove such a conspiracy or combination, he may recover against the defendant who was guilty of the wrong and, although both defendants were proved to have been guilty of acts which tended to injure the plaintiff for which an action could be maintained, it is quite clear that without a combination or conspiracy between them to do the act complained of, a joint action could not be maintained. A joint action is maintainable upon the theory that where two or more parties conspire together to injure a person, and injury results from acts done in pursuance of such a joint combination or conspiracy, the parties to such conspiracy are liable for the acts of each other. It seems to be established, however, that the allegation of a conspiracy not being essential to maintain a cause of action against several, the complaint, although no such combination is alleged, is sufficient upon demurrer.

I think the judgment appealed from should be affirmed, with costs. All concur; HOUGHTON and SCOTT, JJ., in result.

---

MARGUILES v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. December 7, 1906.)

1. STREET RAILROADS—INJURY TO PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

