opposite his father's store in Pierce avenue, Long Island City, on the 29th day of September, 1909. A party of men, alleged to be in the employ of the defendant, were engaged in placing wire cables upon certain poles along that thoroughfare. In doing this the cables would be lifted up to the supporting arms upon the poles; the loops falling nearly to the sidewalk. These loops were taken up and the cables made taut by means of a team of horses hitched to the end of the cable some distance away. The plaintiff was standing with his back to one of these sagging cables, which was about 18 inches above the sidewalk, when the team was suddenly started, and the child was caught under the arms and carried suddenly up a distance of about two stories, and, when the cable became straight, it operated like a bow string and threw him off, resulting in serious injuries. The case is so identical in its principles with Devine v. Brooklyn Heights R. R. Co., 1 App. Div. 237, 37 N. Y. Supp. 170, that we feel called upon to reverse the judgment now before us on the authority of that case.

[2] It is attempted to show here that there was no evidence to establish that the defendant was doing the work. It may be admitted that the evidence was not entirely satisfactory; but we are of the opinion that in the state of the pleadings, with the defendant's admissions, that evidence that a wagon bringing tools and supplies to this work was marked with the initials, or with the name of the defendant, and the other facts and circumstances surrounding the occurrence, was some evidence in support of the cause of action—was evidence which demanded the submission of the question to the jury, even though the court might owe the duty of setting aside a verdict based upon such evidence. This is a nonsuit, and the plaintiff is entitled to all the legitimate inferences from the evidence, and we are persuaded that a prima facie case was presented by the evidence and one which justified a submission to the jury unless, upon the presentation of defendant's case, there was some conclusive fact to overcome the testimony tending to connect the defendant with the accident.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.

---

GUTTA PERCHA & RUBBER MFG. CO. v. HOLMAN.

(Supreme Court, Appellate Division, First Department. May 31, 1912.)

1. PLEADING (§ 364*)—MOTION TO STRIKE—SUFFICIENCY—EQUITY PLEADING.
More latitude is allowed in equity pleading than in pleading at law, and in equity cases allegations will be permitted to stand as against motion to strike, if it appears that they may be relevant, though their relevancy is not presently apparent.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156–1162; Dec. Dig. § 364.*]

2. PLEADING (§ 22*)—COMPLAINT—IMPROPER MATTER.
   Irrelevant, redundant, and evidentiary matter in a complaint is a much more serious violation of rules of good pleading than in an answer.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 45; Dec. Dig. § 22.*]

3. PLEADING (§ 365*)—MOTION TO STRIKE—IRRELEVANT AND REDUNDANT MATTER.
   On motion to strike irrelevant and redundant matter from a complaint, the trial judge need not separate the good allegations from the bad, where that requires a redrafting of the pleading.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1163–1172; Dec. Dig. § 365.*]

Appeal from Special Term, New York County.

Action by the Gutta Percha & Rubber Manufacturing Company against Charles J. Holman, treasurer of the National Board of Fire Underwriters. From an order partly denying a motion to strike parts of the complaint as being irrelevant and redundant, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Frederick T. Case, of New York City, for appellant.

Franklin Pierce, of New York City, for respondent.

SCOTT, J. Meritorious motions to strike out portions of pleadings for irrelevancy and redundancy are by no means rare; but we are seldom confronted with a complaint more open to such attack than is the one now under consideration. The learned justice at Special Term exhibited both self-restraint and charity when he said of it:

"It is unscientifically drawn and contains matters of evidence, conclusions of law and fact, and even some argumentation."

He struck out some portions of it, and in our opinion might well have stricken out more.

It certainly departs widely from the requirements of the Code of Civil Procedure that:

"The complaint must contain a plain and concise statement of the facts constituting each cause of action without unnecessary repetition." Section 481, subd. 2.

Unnecessarily prolix and verbose pleadings in equity causes are not of modern invention. So early as 1566 a replication was filed in Mylward v. Welden, Tothill, 101, which so excited the indignation of the Chancellor that he ordered as follows:

"Forasmuch as it now appeared to this court by report made by the now Lord Keeper, then Master of the Rolls, upon consideration had of the plaintiff's replication according to an order of the 7th of May of anno 37 Reginæ that the said replication doth amount to six score sheets of paper, and yet all the matter thereof which is pertinent might have been well contrived in sixteen sheets of paper, * * * and because his lordship is of opinion that such an abuse is not in any sort to be tolerated—proceeding of a malicious purpose to increase the defendant's charge and being fraught with such impertinent matter not fit for the court. It is therefore ordered that the Warden of the Fleet shall take the said Richard Mylward, alias Alexander, into

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

his custody and shall bring him into Westminster Hall on Saturday next about 10 of the clock in the forenoon and then and there shall cut a hole in the midst of the same engrossed Replication which is delivered unto him for that purpose, and put the said Richard's head through the same hole, and so let the same Replication hang about his shoulders with the written side hanging outward, and then, the same so hanging, shall lead the said Richard bareheaded and barefaced round about Westminster Hall, whilst the courts are sitting, and shall show him at the bar of every of the three courts within the Hall, and then shall take him back again to the Fleet, and keep him prisoner until he shall have paid £10 to her Majesty for a fine and 20 nobles to the defendant for his costs in respect of the aforesaid abuse." See Spence's Equity Jurisdiction, vol. 1, p. 376.

Modern methods of dealing with such pleadings are less drastic, and confined to striking out the objectionable matter.

[1] We are not unmindful of the fact, urged upon us with a quite superfluous wealth of authority, that more latitude is allowed in pleadings in equity, than in pleadings at law, and that in the former class óf cases allegations will be permitted to remain if it appears that they *may* be relevant, although their relevancy is not presently apparent. We have recently had occasion to restate the rule as well as its limitations (Kolb v. Mortimer, 135 App. Div. 542, 120 N. Y. Supp. 543), and what was said in that case applies with equal force in this.

[2] Irrelevant, redundant, and evidentiary matter in a complaint is a much more serious violation of the rules of good pleading, than in an answer, for the defendant is required to make "a general or specific denial of each material allegation of the complaint controverted by him, or of any knowledge or information thereof sufficient to form a belief." Code Civ. Proc. § 500, subd. 1. Consequently a failure to deny admits the truth of the allegation, if it be material. It is not fair to a defendant to compel him to determine, at his peril, what particular allegation in a great mass of clearly irrelevant matter may be held upon the trial to be material. This unfairness is accentuated when many of the allegations are astutely connected with innuendos which render a categorical denial or admission impossible.

[3] Turning to the particular complaint before us, we find that it violates every rule of good pleading to which we have referred, and that the defendant's criticisms of it are, in general, well founded. It may be that, among the mass of irrelevancies and redundancies sought to be stricken out, there are hidden away some allegations which, if properly pleaded, would be relevant; but, if so, the good and bad are so inextricably mixed and intermingled that it is quite impossible to separate them and strike out only the bad without completely redrafting the complaint. This it is no part of the court's duty to do. In any event, and even if we laboriously picked out for elimination only the irrelevant and redundant allegations, the plaintiff would doubtless find it necessary to apply for leave to serve an amended complaint.

The order, in so far as appealed from, must be reversed, with $10 costs and disbursements, and the motion to strike out granted, with $10 costs. All concur.