CLEAVELAND v. BOYNTON et al.   (No. 6399.)

(Supreme Court, Appellate Division, First Department. December 11, 1914.)

1. MONEY RECEIVED (§ 17*)—PLEADING—IRRELEVANT ALLEGATIONS.

In a complaint to recover money obtained from plaintiff by false representations, which were alleged to have been made in pursuance of a scheme by defendants to obtain money from plaintiff and two other individuals, allegations as to the obtaining of the money from the others are not parts of the plaintiff's cause of action, and may be stricken from the complaint, although evidence of such acts might be admissible at the trial.

[Ed. Note.—For other cases, see Money Received, Cent. Dig. §§ 54–61, 64–68; Dec. Dig. § 17.*]

2. PLEADING (§ 365*) — COMPLAINT — IRRELEVANT ALLEGATIONS — MOTION TO STRIKE.

Where relevant and irrelevant allegations are so intermingled in a complaint that they cannot be separated, all the intermingled allegations may be stricken, and plaintiff required to reform his pleading to state only the relevant allegations.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1163–1172; Dec. Dig. § 365.*]

Appeal from Special Term, New York County.

Action by Harry Hayes Cleaveland against Edward B. Boynton and another. From an order denying a motion to strike certain allegations from the amended complaint, the defendants appeal. Order reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Courtland V. Anable, of New York City, for appellants.
Sherman Cox, of New York City, for respondent.

LAUGHLIN, J. This is an action for money had and received. The plaintiff, in a complaint covering 21 pages of the printed record,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

alleges, in substance, that by similar separate fraudulent representations and acts of duress, the evidence of which is pleaded at length, the defendants procured from the plaintiff and from Theodore M. and Sherman Cox, who are brothers, sums of money which "equaled $98,000, as of July 22, 1910," and had used it in the purchase of 395 shares of the capital stock of the American Real Estate Company, a Rhode Island corporation; that said sum equaled the cash cost to the defendants of 280 shares of said stock; that on the 31st day of August, 1912, defendants, having been unable to compel the plaintiff and the Cox brothers to accept it, sold the 280 shares of stock for $98,000, and accounted to the plaintiff and to the Cox brothers for that amount, and for the dividends received on the stock at the rate of 6 per cent. per annum on the par value of $100 per share in the interim; but that there remained due and owing to the plaintiff from the defendants—evidently on the theory of the difference between the interest at the rate of 6 per cent. per annum on the $98,000 from said 22d of July, 1910, until the realization of that amount on the sale of the stock, and the dividends received thereon in the meantime, but it is not so expressly stated—$4,743.14, for which, together with interest thereon from the date of the sale of the stock, plaintiff demands judgment.

[1] Most of the allegations sought to be stricken out relate to the transactions between the defendant and the Cox brothers, to which the plaintiff was not a party. The only attempt made in the complaint to connect the plaintiff with those transactions is an allegation to the effect that the defendants had, in advance of the time they obtained any of the money, conceived a fraudulent scheme to deceive and defraud the Cox brothers and the plaintiff, and that the transactions by which money was obtained from the plaintiff by the defendants were steps in the consummation of such fraudulent scheme.

We are of opinion that there is no such connection between the transactions as renders the allegations with respect to the circumstances under which the moneys were obtained from the Cox brothers relevant or material *as allegations of the plaintiff's cause of action.* The plaintiff alleges that the defendants obtained $35,000 from the Cox brothers on the 13th of June, 1910, to purchase 350 shares of the capital stock of the Realty Assets Company, a corporation which the defendants had organized, on representations that the Real Estate Company would take it off their hands at cost and interest if it failed within a reasonable time to submit a satisfactory proposition for the sale to them of stock in the Real Estate Company; that defendants later represented that they and one Roberts had made an arrangement for the purchase of 395 shares of the capital stock of the Real Estate Company at $350 per share, payable $28,250 in cash and the balance to be secured by two notes, of $60,000 and $50,000, each; that Sherman Cox advanced the cash payment July 19, 1910, to enable the defendants and Roberts to purchase the stock and to obtain a loan thereon, with a view to a subsequent purchase thereof by the Cox brothers, and on the promise and agreement of the defendants to repay it if a satisfactory offer for the sale of the stock to the Cox brothers was

not submitted; that defendants and Roberts consummated the purchase of the stock on the 22d of July, 1910, using the cash advanced by Cox and giving their notes; that defendants, on the same representations that they had previously made to the Cox brothers, induced the plaintiff and Theodore M. Cox to advance $20,000 and $22,000, respectively, on the 6th of September, 1910, to enable defendants to make payments on the note for $60,000, on defendants' agreement to repay it unless such satisfactory proposition for the sale of the stock to plaintiff and to the Cox brothers should be submitted; that the defendants, in inducing the plaintiff and the Cox brothers thus to part with their money, were guilty of false and fraudulent representations, which are set forth; that the plaintiff and the Cox brothers were obliged, owing to the fact that all payments on account of the purchase of the 395 shares of the Real Estate Company's stock were subject to forfeiture in the event that there should be default in any payment, to pay the balance of the note for $60,000, which they did on the 21st of September, 1910, the plaintiff contributing $10,293.67; that Theodore M. Cox was also obliged, for like reason, on the 9th of November, 1910, to allow the defendants and Roberts to use $9,925.50, owing to him by the Real Estate Company, to enable them to make a final payment on the 395 shares of stock, which they did, and thereupon offered to Sherman Cox, who was the duly authorized agent of his brother and of the plaintiff, 280 shares of the stock in full satisfaction of the claims of the plaintiff and of the Cox brothers, and the offer was rejected, and the total amount claimed by the plaintiff and the Cox brothers, aggregating $98,677.50, was thereupon demanded of the defendants, who refused to pay it; that the 280 shares of stock were thereupon received by Sherman Cox as security for the amount claimed by himself, his brother, and the plaintiff; that he received the dividends on the stock until the 31st of August, 1912, when it was delivered to Roberts by direction of the defendants, and he received $98,000; that after crediting the dividends received on the stock pro rata upon the amount due to the plaintiff and to each of the Cox brothers from the defendants, there remained due on the 31st of August, 1912, to Sherman Cox $42,686.82, to Theodore M. Cox $31,-732.77, and to the plaintiff $32,892.01; that Sherman Cox, with the consent of his brother and the plaintiff, retained out of the $98,000 the *entire amount* of his claim, and the balance was applied pro rata to the claims of his brother and the plaintiff, leaving a balance of $4,743.14, together with interest thereon from the 31st of August, 1912, due and owing from the defendants to the plaintiff.

[2] Many of the allegations with respect to the claims of the Cox brothers, or one of them, are interwoven in the same sentences with allegations relating to plaintiff's cause of action for money had and received through fraud and duress. It may be that by representations or otherwise the transactions between the defendants and the Cox brothers will become admissible as evidence; but there is no theory upon which plaintiff is justified in pleading the facts constituting causes of action in favor of the Cox brothers as part of his cause of action. There should be no difficulty in pleading the amount claimed

to have been obtained from plaintiff by fraud and duress, and the amount admitted to have been received to apply thereon, without pleading the transactions between defendants and the Cox brothers. In the main, the motion is to strike out the allegations with respect to the claims of the Cox brothers. Those allegations cannot be stricken out, without taking with them certain allegations that are relevant to the plaintiff's cause of action; but the rule is that where a pleading sets forth at great length evidence and facts irrelevant to the cause of action attempted to be pleaded, so interwoven with relevant facts that the evidence and irrelevant facts are not susceptible of elimination, leaving a connected statement of the facts constituting the cause of action or counterclaim, the court may grant a motion to strike out all those parts of the pleading containing evidence or irrelevant matters, even though they include relevant facts, and leave it to the pleader to reform the pleading to conform to the requirements of the Code of Civil Procedure, which provide that a complaint or counterclaim shall contain a plain and concise statement of the facts without unnecessary repetition. Rubber Mfg. Co. v. Holman, 150 App. Div. 678, 135 N. Y. Supp. 766; Colonizers' Realty Co. v. Shatzkin, 129 App. Div. 608, 114 N. Y. Supp. 74; Code Civ. Proc. §§ 481, 500.

That rule is applicable here, and requires that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, but with leave to plaintiff to serve an amended complaint within 20 days on the payment of such costs. All concur.