EMANUEL VICTOR MODICA, Respondent, *v.* LOUIS D. MARTINO, Also Known as LOUIS DI MARTINO and Others, Appellants.

Second Department, January 9, 1925.

Husband and wife — action by husband for alienation of wife's affections — motion under Rules of Civil Practice, rule 103, to strike out certain matter in complaint — allegations showing conspiracy between plaintiff and defendants to have plaintiff's wife sue another woman for alienation of plaintiff's affections are not matters of inducement — allegations stricken out.

In an action for the alienation of the affections of the wife of the plaintiff, a motion made under rule 103 of the Rules of Civil Practice, to strike out certain matters in the complaint as irrelevant, unnecessary, impertinent and scandalous, should have been granted, since it appears that in substance the allegations referred to allege that the plaintiff and the defendants entered into a conspiracy to have the plaintiff's wife sue another woman for alienation of the plaintiff's affections, and that in furtherance of that conspiracy the plaintiff left his home with the understanding that he was to remain away during the pendency of that action.

The allegations in question did not contain matters of inducement and clearly have no connection with the action and should have been stricken out.

APPEAL by the defendants, Louis D. Martino and others, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 26th day of June, 1924, denying their application for an order striking out certain portions of the complaint under rule 103 of the Rules of Civil Practice; also from an order entered in said clerk's office on the 9th day of July, 1924, denying the defendants' application to resettle said order, and also from an order entered in said clerk's office on the 23d day of July, 1924, denying the defendants' application for an order granting a reargument of their motion to strike out certain paragraphs of the complaint and to resettle the first above-mentioned order.

*Edward K. Sumerwell* [*Frank P. Walsh* with him on the brief], for the appellants.

*Thomas B. Bresnahan,* for the respondent.

KELBY, J.:

The action is brought by a husband against the parents and brother of his wife for alleged ·alienation of the wife's affections. Rule 103 of the Rules of Civil Practice, under which the defendants moved, reads as follows:

" Rule 103. Striking out matter contained in a pleading. If any matter, contained in a pleading, be sham, frivolous, irrelevant, redundant, repetitious, unnecessary, impertinent or scandalous or may tend to prejudice, embarrass or delay the fair trial of the action, the court may order such matter stricken out, in which case the pleading will be deemed amended accordingly, or the court may order an amended pleading to be served omitting the objectionable matter."

The paragraphs of the complaint which the defendants desire to strike out are the following:

" III. That on or about the first day of February, 1924, plaintiff consulted with Frank P. Walsh, an attorney and counselor-at-law, with reference to a claim for damages against one Count Roger de Perigny for assault and the conversion of certain letters and an automobile, the property of the plaintiff.

" IV. That said Frank P. Walsh advised plaintiff that plaintiff's said wife had a cause of action for alienation of affections against the wife of the said Count Roger de Perigny and requested plaintiff to arrange to have his said wife consult with the said Frank P. Walsh about the said action for alienation of affections.

" V. That plaintiff subsequently related to his said wife and to each of the above-named defendants the details of the conversation had with said Frank P. Walsh, and subsequently, upon information and belief, plaintiff's said wife and the defendant Louis di Martino visited the office of the said Frank P. Walsh and consulted with him.

" VI. Upon information and belief, that subsequently and on or about the 8th day of February, 1924, an action for alienation of affections was commenced in the Supreme Court, New York County, by the plaintiff's said wife as plaintiff, against one Margaret Thaw Carnegie, now Countess de Perigny as defendant.

" VII. That prior to the commencement of the said action in the Supreme Court, plaintiff loaned to the said Frank P. Walsh for the purpose of preparing the complaint in said action certain letters and telegrams which plaintiff had received from the said Margaret Thaw Carnegie.   *   *   *

" IX. That at the request of the above-named defendants plaintiff agreed to leave his said home and remain elsewhere during the pendency of the said action for alienation of affections but it

was understood and agreed by and between plaintiff and his said wife and the above-named defendants and each of them that plaintiff would have the privilege of seeing and meeting his said wife and an infant child frequently and particularly the said infant child who was to be taken by plaintiff's said wife to the home of a mutual friend of both plaintiff and his wife in Brooklyn."

The alleged facts so pleaded cannot be regarded as matter of inducement, which has been defined as follows: " Inducement is the statement of matter which is introductory to the principal subject of the pleading, and which is necessary or suitable to elucidate it and make its purport clear. If such matter is not so related to the constitutive facts of the cause of action it is sur- plusage." (See 31 Cyc. 102; also *Pacific Mail Steamship Company* v. *Irwin,* 67 Barb. 277.)

The matter pleaded in the foregoing paragraphs of the complaint does not meet the test of what is matter of inducement. Certainly it does not make clear any lack of clarity in the constitutive facts. It will be noted that the remaining paragraphs of the complaint set out the conventional cause of action for alienation of affections, and they in themselves constitute a cause of action by stating the ultimate facts as required by the Civil Practice Act. (See §§ 241, 255.) There is no lack of clarity in the concise statement of facts alleging the ordinary cause of action against the defendants for alienation of affections. It is nowhere charged or shown how the alleged breach of defendants' promise that plaintiff might see his wife prevented the wife on her part from meeting her husband. Even though it did so appear, such matter is not necessary to be pleaded.

It is contended by respondent that the matter was set out as " tending to show malice and a conspiracy upon which exemplary damages may be based." But the malice upon which exemplary damages might follow is otherwise sufficiently stated in the com- plaint; and if there was a conspiracy, that was not matter necessary to be pleaded, the gist of the action being loss of consortium. (*De Ronde* v. *Bell,* 116 App. Div. 191; *O'Gorman* v. *Pfeiffer,* 145 id. 237.) The paragraphs objected to are clearly irrelevant and unnecessary.

As to whether or not the allegations are scandalous, we may take the plaintiff's own characterization of the allegations as expressed in his brief: " The plaintiff was a part of this conspiracy up to a certain time." Out of his own mouth, therefore, the plaintiff exhibits himself as a person who confessedly is capable of instituting suit against another without cause. Certainly, as pointed out by the court below, that cannot help him in his action. It seems to

me it was set up solely with the design of showing that his wife's father, mother and brother were no better than he was.

In the case of *Gutta-Percha & Rubber Manufacturing Co.* v. *Holman* (150 App. Div. 678) Mr. Justice SCOTT pointed out with his usual clearness that irrelevant, redundant and evidentiary matter in a complaint is a much more serious violation of the rules of good pleading than is similar matter in an answer, because it is not fair to compel a defendant at his peril to determine what particular allegation in a great mass of clearly irrelevant matter may be held upon the trial to be material; and, further, that on a motion to strike out such irrelevant matter, if good and bad allegations are inextricably intermingled, the court is not bound to separate them.

· The order denying defendants' motion to strike out should be reversed on the law and the facts, with ten dollars costs and disbursements, and the motion to strike out is granted, with ten dollars costs, on the ground that the paragraphs objected to are irrelevant, unnecessary, impertinent and scandalous. The appeals from the orders denying defendants' motion for reargument and to resettle the original order should be dismissed, without costs.

KELLY, P. J., RICH, MANNING and YOUNG, JJ., concur.

Order denying defendants' motion to strike out reversed on the law and the facts, with ten dollars costs and disbursements, and motion to strike out granted, with ten dollars costs, on the ground that the paragraphs objected to are irrelevant, unnecessary, impertinent and scandalous. The appeals from the orders denying defendants' motion for reargument and to resettle the original order are dismissed, without costs.