RUFUS A. PRESCOTT and Others, Appellants, Respondents, *v.* JOHN W. GUIBORD and Others, Respondents, Impleaded with LEO POTTER and Others, Defendants, and HERBERT D. WILLIAMS, Respondent, Appellant.

Third Department, July 1, 1927.

**Pleadings — complaint — action for fraud — certain portions of complaint stricken out.**

This is an action to recover damages for fraud. The court below has stricken out about one-third of the complaint, which consists of sixty-one printed pages, on the theory that the portions stricken out are unnecessary, immaterial and tend to prejudice, embarrass and delay a fair trial. The complaint was improperly drawn in its original form, and the order of the Special Term striking out the allegations is affirmed.

APPEAL by the plaintiffs, Rufus A. Prescott and others, from that portion of an order of the Supreme Court, made at the St. Lawrence Special Term and entered in the office of the clerk of the county of Essex on the 14th day of February, 1927, striking out certain allegations and paragraphs of the complaint under rule 103 of the Rules of Civil Practice.

Appeal by the defendant, Herbert D. Williams, from so much of said order as denies certain portions of said defendant's motion.

*Fred W. Dudley* [*Thomas F. Conway* of counsel], for the plaintiffs.

*Beekman, Bogue, Clark & Griscom* [*Stephen P. Anderton* and *O. Byron Brewster* of counsel], for the defendant Herbert D. Williams.

*Griggs, Baldwin & Baldwin* [*Martin Conboy* and *David Asch* of counsel], for the respondent John W. Guibord.

*M. J. Winston,* for the respondent W. Maynard Levy.

*Dunmore, Ferris & Dewey* [*Henry T. Dorrance* of counsel], for the respondent T. Harvey Ferris.

McCANN, J. This is an appeal from an order at Special Term striking out certain allegations of the complaint upon the grounds that the same are unnecessary, immaterial and tend to prejudice, embarrass and delay a fair trial.

The complaint covers sixty-one pages of the record and the court has stricken out approximately one-third of the matter contained therein. The theory of the action, as stated by the plaintiffs in their brief, is that it is one to recover damages for alleged fraud on the part of the defendants, consisting of various misrepresentations and a course of conduct extending over some period of time and involving many different though related transactions.

It is difficult from a reading of the complaint to form a clear picture of the matters complained of, as the transactions are so involved and set forth at such length that the very minuteness and fullness of the pleading make it confusing. The justice at Special Term has evidently considered these allegations very carefully and has stricken from the complaint those which in his opinion are irrelevant, evidentiary and unnecessary, but it is with danger that the court may take it upon itself to redraft a pleading of this nature for the parties.

The plaintiffs have, in their complaint, in effect set up their case, introduced their evidence and presented their argument, and to cull from all these averments such as may be material to their cause of action and present them in a clear and coherent form would necessitate a complete rewriting of the complaint. Should this court undertake such a task it might well be that some allegations stricken out would prove relevant upon the trial of the issues and necessary in the pleading, though they are at present obscured by the manner in which they are set forth and the evidentiary and irrelevant matter with which they are interwoven.

The complaint cannot be allowed to stand in its original form.

" It is not fair to a defendant to compel him to determine at his peril what particular allegation in a great mass of clearly irrelevant matter may be held upon the trial to be material. This unfairness is accentuated when many of the allegations are astutely connected with innuendos which render a categorical denial or admission impossible. Turning to the particular complaint before us we find that it violates every rule of good pleading to which we have

referred, and that the defendant's criticisms of it are, in general, well founded. It may be that, among the mass of irrelevancies and redundancies sought to be stricken out, there are hidden away some allegations which, if properly pleaded, would be relevant, but, if so, the good and bad are so inextricably mixed and intermingled that it is quite impossible to separate them and strike out only the bad without completely redrafting the complaint. This it is no part of the court's duty to do. In any event, and even if we laboriously picked out for elimination only the irrelevant and redundant allegations, the plaintiff would doubtless find it necessary to apply for leave to serve an amended complaint." (*Gutta-Percha & Rubber Mfg. Co.* v. *Holman,* 150 App. Div. 678, 680; *Mahoney* v. *Schiller,* 202 id. 776.)

The order should be affirmed, with ten dollars costs and disbursements to each defendant filing separate brief herein.

COCHRANE, P. J., VAN KIRK, DAVIS and WHITMYER, JJ., concur.

Order affirmed, with ten dollars costs and disbursements to each defendant filing separate brief herein.