THE MERCHANTS NATIONAL BANK OF PLATTSBURGH, NEW YORK, Respondent, Appellant, *v.* R. PRESCOTT & SON, INC., Appellant, Respondent.    Third Department, March 29, 1928.

**Pleadings — separate defenses stricken out because of evidentiary matter, redundancies and irrelevancies — court not required to redraft answer — action on promissory notes — certain defenses, if properly pleaded, would be sufficient.**

This is an action on several promissory notes in which the defendants set up four separate defenses.  All of the defenses are stricken out on the ground that evidentiary matter, redundancies and irrelevancies are so intermingled that it is impossible to determine whether or not valid defenses are alleged.  The court will not redraft the defendant's answer.

If the defendant intended to plead that the notes had a fraudulent inception and that their infirmities were known to the plaintiff when it became a holder thereof; that the defendant, as plaintiff knew, was not the party in fact obligated, and that the plaintiff permitted indorsers to be discharged from liability and collateral security to be withdrawn, those defenses, if properly pleaded, might possibly constitute valid defenses.

CROSS-APPEALS from an order of the Supreme Court, entered in the office of the clerk of the county of Clinton on the 16th day of September, 1927.

*Benjamin F. Feinberg* and *Harold A. Jerry*, for the plaintiff.

*Pierce & Holcombe* [*Thomas F. Conway, Thomas E. O'Brien* and *William F. Pritchard* of counsel], for the defendant.

WHITMYER, J.   The complaint sets up three causes of action on three promisorsy notes, aggregating $50,000.   The answer denies

practically all of the allegations of the complaint and sets up four separate defenses. Plaintiff moved to strike out the separate defenses and for summary judgment. The first, second and fourth and that part of the third which repeated the allegations of the first were struck out, and the motion for summary judgment was denied. Both parties appealed. The separate defenses cover nineteen pages, or about 5,500 words. They are unnecessarily verbose, redundant and repetitious. Evidentiary matter, redundancies and irrelevancies are so intermingled that it is difficult to determine the theory of the defense and whether or not the alleged misrepresentations involved statements of material facts or merely statements of opinion and hope. What is good cannot be separated from what is bad, without completely redrafting the answer, and it is not the duty of the court to do this. The separate defenses should, therefore, be struck out entirely, with leave to defendant to plead over, if it desires. (*Prescott* v. *Guibord*, 221 App. Div. 438; *Allen* v. *Fink*, 211 id. 411, 413; *International Railway Co.* v. *Jaggard*, 204 id. 67; *Mahoney* v. *Schiller*, 202 id. 776; *Gutta-Percha & Rubber Mfg. Co.* v. *Holman*, 150 id. 678.)

If we understand the purposes of the pleader, submerged in the prolixities and redundancies of the answer, they are to allege that the notes had a fraudulent inception and that their infirmities were known to the plaintiff when it became a holder thereof; that the defendant, as plaintiff knew, was not the party in fact obligated thereon; that the plaintiff permitted indorsers to be discharged from liability and collateral security to be withdrawn, thus increasing any obligation or liability the defendant may have incurred; and that the making of the notes was an *ultra vires* act.

We think if properly pleaded it may be possible to state the first three as valid defenses. The simple facts should be set forth concisely without unnecessary repetition and without stating the evidence which it may be claimed supports the facts. (Civ. Prac. Act, § 241.)

The order should be modified by striking out all the defenses, and as so modified affirmed, with ten dollars costs and disbursements, with leave to the defendant to serve an amended answer within twenty days upon payment of costs and without prejudice to the right of the plaintiff to move for summary judgment after service of the amended answer.

VAN KIRK, P. J., HINMAN, DAVIS and HILL, JJ., concur.

Order modified as indicated in the opinion, and as so modified affirmed, with ten dollars costs and disbursements, with leave to the defendant to plead over within twenty days on payment of said costs.