ALBERT E. LONNBORG, Plaintiff, v. MICHAEL LIPSET and Another, Defendants.

Supreme Court, Kings County, April 14, 1930.

*Leo Kraus*, for the plaintiff.

*Hirsh, Newman, Reass & Becker*, for the defendants.

DUNNE, J. Plaintiff sues here for the alleged alienation of his wife's affections by certain of the latter's relatives. Defendant moves under rule 103 of the Rules of Civil Practice to strike out paragraphs 3 to 8. The matter there set forth alleges that *prior* to the marriage, but subsequent to the engagement to marry, the defendants endeavored by various means to destroy the love and affection which existed between the plaintiff and his intended wife. Motion granted. The basis of the action is the loss of consortium, or the right of the husband to the conjugal society of his wife. And it is only upon a vesting of the right in the husband to his wife's society, affection and assistance that a wrongful interference gives

rise to a chose in action. Neither the right, nor interference therewith, can as a consequence antedate the assumption of the marital relation. And, therefore, no cause of action can be stated for alleged wrongful acts on the part of third parties prior to such marriage. This is as it should be. For otherwise a third party might be called upon to answer in damages for advising or inducing an engaged person to break such engagement. If such were tenable under the law, every broken engagement might result in the commencement of litigation by every disappointed suitor against his successful rival.

Plaintiff seeks to justify the incorporation of the paragraphs referred to upon the ground that they are applicable to the cause of action, in that they show the wrongful *intent* on the part of the defendants. However, irrelevant allegations are those which have no substantial relation to the controversy between the parties and cannot affect the result. The proper test of any allegation is whether it tends to constitute one of the links which collectively spell out the cause of action or defense. The facts upon which plaintiff seeks to show intent are not part of the cause of action and, therefore, of the pleading, but is a proposition of evidence to be addressed to the trier of the facts. (See, also, *Guida* v. *Pontrelli*, 114 Misc. 181; *Modica* v. *Martino*, 211 App. Div. 516; *Homan* v. *Hall*, 102 Neb. 70; 165 N. W. 881; N. Y. L. J. Editorial, March 17, 1930.)