ciency in that it failed to state that plaintiffs had filed claims pursuant to section 76 of the Banking Law affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

JACOB WEINSIER, Respondent, v. HAROLD D. LOSCAMP and Others, Defendants; FLOYD BLAIR and Others, Appellants.— Order denying motion to strike certain allegations from the amended complaint reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, by striking out the entire complaint, with leave to respondent to serve a second amended complaint within ten days. There are so many irrelevant and immaterial allegations in the complaint that to strike them out would leave a meaningless pleading. It is, therefore, necessary to have a second amended complaint. (*Gutta Percha & Rubber Mfg. Co.* v. *Holman*, 150 App. Div. 678; *International Railway Co.* v. *Jaggard*, 204 id. 67.) Plaintiff seeks to state a cause of action out of a claim that defendants have conspired to sell the stock of defendant bank by illegal methods, including a violation of the Federal statute; that in the course of these illegal transactions one of the defendants subscribed for stock in defendant bank in the name of plaintiff, without authority so to do, and that, by duress of some of defendants in behalf of all of them, plaintiff was compelled to make payments on account of said stock. If plaintiff will comply with section 241 of the Civil Practice Act by alleging a plain and concise statement of material facts, but not the evidence by which they are to be proved, he will be able to avoid, at least, any further motions to strike out. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

In the Matter of the Petition of NATHAN STRAUS, Individually and as Chairman of the Liberal Party, an Independent Body, and of VICTOR J. HERWITZ, Appellants, for an Order Declaring Invalid the Petition Heretofore Filed with the Secretary of State, Purporting to Nominate, under the Name and Emblem of the Liberal Party, SELAH B. STRONG, Respondent, for Justice of the Supreme Court for the Second Judicial District of the State of New York, and Ordering and Directing EDWARD J. FLYNN, the Secretary of State, Not to Place upon the Official Ballot for Use at the General Election to Be Held on November 6, 1934, the Name of SELAH B. STRONG as a Candidate for the Said Office under the Name and Emblem of the Liberal Party, an Independent Body.* — Order affirmed. No opinion. Leave to appeal to the Court of Appeals granted. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

In the Matter of the Application of ANDREW J. MORAN, Appellant, against S. HOWARD COHEN and Others, Constituting the Board of Elections of the City of New York, etc., and JEREMIAH F. TWOMEY, Respondent.† — Order affirmed. The application for a recanvass of the tally sheets is belated under subdivisions 1 and 2 of section 330 of the Election Law. In respects to the blank, void and protested ballots, an insufficient showing is made to warrant a recanvass. An examination of the ballots under section 333 of the Election Law would be without avail, even if the facts warranted such examination. Leave to appeal to the Court of Appeals granted. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

In the Matter of the Application of GEORGE R. BRENNAN, as Chairman of the Republican County Committee of Nassau County, for Relief by a Peremptory Order of Mandamus, or Otherwise, Appellant, against JOHN S. THORP, as County Clerk and Acting as a Board of Elections for and in the County of Nassau, and

---

* Affd., 265 N. Y. 600.　　　　　　† Affd., 265 N. Y. 599.