FRANK W. WOOD, Respondent, *v.* AMERICAN LOCOMOTIVE COMPANY, Appellant.

Third Department, March 13, 1936.

*Hardy, Stancliffe & Hardy* [*George B. Smith* of counsel; *Noah A. Stancliffe* and *Laurence V. Benedict* with him on the brief], for the appellant.

*Brown & Gallagher* [*Oscar J. Brown* of counsel], for the respondent.

PER CURIAM. The defendant is a manufacturing corporation with a very extensive plant covering several acres located at Schenectady, N. Y.

The complaint, while very lengthy and voluminous, is also very general in its allegations. It sets forth in substance that plaintiff was for several years employed in the plant of the defendant and that by reason of defendant's failure to provide him with safe and suitable apparatus and a safe place to work, and by reason of its violation of many sections of the Labor Law, and rules of the Industrial Board, he inhaled certain dust and foreign materials, by reason of which he contracted the disease known as pulmonary fibrosis or silicosis, and became permanently and totally disabled.

The plaintiff moved at Special Term for an order permitting an examination of the defendant through its officers and employees, as to the method and process of manufacture by the defendant of its products, together with a description of the machinery in the said plant and the location of such machinery therein; the dates when the various machinery and devices used in said plant were installed, with the dates of installation of any improvements thereon; the date of the erection of the building in which plaintiff was employed, with the dates of any additions thereto; a description of the ventilation equipment in the building and the dates and places of installation; the places where plaintiff worked in said plant and the machines and devices at which he worked, together with the conditions under which he worked; the kind of grindstone used, by whom produced, the composition of the same, the rate of wear and the method of removal from the building of the worn materials therefrom; the kind of dust created; the construction of the floor and the method of cleaning the same; safety devices on the different machines, their state of repair; the installation of any improvements or repairs and the dates of inspection thereof; the type and use of suction devices and blowers, hoods and masks, the condition of the same and the dates of inspection thereof; as to the existence of rules for the safety of employees from the dissemination of dust, how promulgated and brought to the attention of the employees; whether or not masks, helmets or other apparatus were furnished to its employees, an exact description thereof, the maintenance and manner of inspection of same, with the dates thereof and by whom inspected; whether or not defendant actually required employees to wear the same and under what conditions, where the same were stored or kept and the length of time same had been used; all information concerning an inspection of the plant or machinery by the State Department of Labor or State Health Department, with the names and addresses of officials making such inspection; as to the sanitary and protective devices in said plant; the method and frequency of medical supervision by the defendant; whether or not there had been an inspection

by general engineers and whether or not dust counts were taken and the results shown therefrom.

This is an enumeration of some but not all of the matters concerning which the plaintiff demanded an order permitting examination, and the court at Special Term granted the order of examination substantially as demanded.

It is apparent that the order permits an examination broader in scope than the limits of the allegations of the complaint, and that it goes far beyond the contemplation of the statute. Under the order two substantially complete hearings would result upon all the facts involved.

Section 288 of the Civil Practice Act authorizes the court to grant an order for examination before trial "which is material and necessary in the prosecution or defense of the action." The granting of such an order is in the discretion of the court, and while a general examination may be had, its necessity and materiality must be shown. It may not be availed of to annoy or harass the adverse party or for the purpose of a fishing expedition, and such remedy must be sought and such examinations prosecuted in good faith. (*Combes* v. *Maas*, 209 App. Div. 330; *Public National Bank* v. *National City Bank*, 261 N. Y. 321.)

Courts have been liberal in permitting such examinations where necessary in the prosecution of an action, but it is doubtful if such permission has ever heretofore been extended to such limits as allowed by the order appealed from.

It is unnecessary here to define with particularity and exactitude the details as to which plaintiff should be granted an examination. In effect that would require the drawing of a proper demand for an order for examination and the preparation of such demand is the function of counsel instead of the court. (See *Merchants National Bank* v. *Prescott & Son, Inc.*, 223 App. Div. 194; *Prescott* v. *Guibord*, 221 id. 438; *International Railway Co.* v. *Jaggard*, 204 id. 67; *Allen* v. *Fink*, 211 id. 411.)

We think the order was improvidently granted and should, therefore, be reversed upon the law and the facts, with costs, and the motion denied, with ten dollars costs, without prejudice to the right of the plaintiff to make a new application if so advised.

RHODES, MCNAMEE, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Order reversed on the law and facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, without prejudice to the right of the plaintiff to make a new application if so advised.