Shirley L. Helprin, Respondent, v. The Fidelity and Casualty Company of New York, Appellant.— In an action to recover the amount of an accident insurance policy, brought by the named beneficiary, it was alleged in the complaint that the death of the insured was caused solely by accident, within the provisions and coverage of the policy of insurance and that both the insured and the plaintiff had duly performed all of the terms, covenants and conditions of the policy. The answer put in issue the material allegations of the complaint and

set up four separate defenses. These defenses contained entirely unnecessary matter in view of the allegations of the complaint and were redundant; they contained much evidentiary matter; in certain respects they were scandalous, and were evidently interposed for the ulterior purpose of showing that the defendant, claiming the burden of proof, became entitled to move that the plaintiff should serve a reply and to have an examination of the plaintiff before trial. If there were no other reason, the answer should be struck out as violative of section 241 of the Civil Practice Act. (See *Gutta-Percha & Rubber Mfg. Co.* v. *Holman,* 150 App. Div. 678; *International Railway Co.* v. *Jaggard,* 204 id. 67; *Merchants National Bank* v. *Prescott & Son, Inc.,* 223 id. 194; *Virdone* v. *Globe Bank & Trust Co.,* 235 id. 125.) In addition, the defenses are irrelevant and legally insufficient except as to the third defense, which may be sufficient if properly pleaded, as indicated in the order. Order, in so far as an appeal therefrom is taken, affirmed, with fifty dollars costs and disbursements. The defendant has leave to serve an amended answer, as directed by the order, within ten days from the date of the decision. Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ., concur.